## John C. Brightman v. John Reeves, Ex'or.

Where there was evidence to the effect that a negotiable note was pledged, and that the pledgor, upon being notified to redeem, gave the pledgee authority to sell it, and it was sold for what appeared to be an unreasonably low price, it was held that it was erroneous to instruct the jury, in a suit by the pledgor against the pledgee and the purchaser of the note, that the liability of the purchaser depended on the question whether he had notice that the note was pledged, whereas his liability depended on whether the pledgor had in fact authorised the sale, and whether the purchase was made in good faith, for a reasonable price.

It would seem that the authority of the pledgee to give the pledgor notice and sell the pledge, is not affected by the fact that the pledge is a negotiable note of a third person, not yet due.

Where suit was brought against the maker of a note, not yet due, and another, for damages for the wrongful conversion of the note, and for its possession, and there was evidence that the maker of the note, though honest, was regarded as in rather failing circumstances, and that the best paper in the country was at a large discount, it was held, on appeal by the maker alone, that the measure of plaintiff's damages was not the face value of the note, but its market value.*

Appeal from Karnes. Tried below before the Hon. Edmund J. Davis.

Suit by John Reeves, executor of Daniel Lloyd, alleging that in May or June, 1856, his testator pledged to Jarnett & Morgan a note on John C. Brightman for $800, dated 6th February, 1856, payable to said Lloyd, or order, two years after date, with interest at the rate of ten per cent. per annum from date, to secure the payment of a debt of $51, due from Lloyd to said Jarnett & Morgan ; that Jarnett & Morgan had wrongfully and fraudulently made a pretended sale of said

---

* *Quere,* Whether the measure of damages here declared is not more properly only applicable to the other defendants, and not to the appellant, who was the maker of the note, and had it in his possession ?—Reps.

note to Elijah Harper for $51 ; and that Harper had made a pretended sale of said note to the said John C. Brightman for $60 or $65 ; said pretended sales alleged to be fraudulent ; damages laid at $1600 ; plaintiff brings the $51 into Court ; prays process for all of the parties named ; judgment against them for such damages as plaintiff had sustained ; further prayer for judgment against Brightman for the possession of the note, and against all the defendants for costs ; and for general relief.    Petition filed October 7th, 1856.

All of the defendants answered.  At the trial plaintiff proved his allegations as to the pledge of the note, and traced it through Harper to the possession of Brightman.    The pledge was made about three months before Lloyd's death, and he had been ill a month when he died.    A witness for defendants testified that Jarnett & Morgan sent him to Lloyd to tell him that they wanted their money, and that if he did not come and redeem it, they would have to sell the note to raise the money ; witness told Lloyd this ; Lloyd said he did not have the money ; he was to have paid the money in ten or twelve days ; tell the boys that if I am not there by to-morrow night they may sell the note ; but if they do sell it, tell them to sell it to some good man ; that I have no demands on it.    Lloyd did not come as promised, and afterwards Jarnett & Morgan sold the note to Harper for $51.    Another witness for defendants testified, that he knew the property mortgaged to secure the payment of said note ; a house and lot in the town of Helena ; same sold by Lloyd to Brightman, for the purchase money of which the note was given ; directly after the sale, the house had fallen to ruins ; the lot at the time referred to as the date of the sale of said note and its purchase by defendants, was worth fifty dollars ; the best paper, at that time, could have been bought at prices from thirty-five cents on the dollar ; Brightman was generally considered as an honest man, and one that would pay when he could ; was considered good for his contracts generally ; but witness believes it was generally understood

among the trading part of the community, that Brightman was badly in debt, and bound to fail ; should think the note was worth more than fifty dollars at the time when it was traded ; do not know how much more.

The counsel for both parties stated in their briefs, that the price paid for the note by Brightman was sixty-five dollars. There was some evidence tending to show that the note was the property of J. J. Goalman, whose guardian Lloyd had been.

The Court instructed the jury as follows :

1st. When a pledge is made, as under the circumstances of this case, the law is that the pledgee must give reasonable notice to the pledgor to redeem, and after expiration of such reasonable time or notice, there must be a sale at public auction.  This is the general rule ; but it may be modified by special agreement of the parties.  If then it is proved to you that the pledgor gave special permission to Morgan & Jarnett to sell without this notice and at private sale generally, and for whatever the note might bring, then these two defendants are not liable.  But on the other hand, if the pledgor gave them permission to repledge this note to some other good man, meaning a person who would have the note ready for him, the pledgor, on his wishing to redeem it, then they are responsible for the good faith of such re-pledgee ; and on his failure to have the note as required, are liable to the pledgor for the note or its face value, after deducting amount due from the pledgor to them.

2d.  If defendants, Brightman or Harper, purchased this note without notice, and without such circumstances coming to their knowledge as should have put them on enquiry, then they are not liable to this action ; but if on the contrary, it be proved to you that Brightman or Harper bought the note with express notice of the pledge, or that the same was offered to them for a price so much below its real value as should have excited their reasonable suspicion that there was fraud in the transaction, then they are liable for such note.

3d. In your finding, should it be against the defendants, but not all of them, you will in your verdict find specially which of them.

The jury having asked additional charges, the following were given:

1st. You will specifiy in your verdict what defendants you find against, should you find any of them guilty.

2d. You will ascertain next the face value of the note, with interest at the rate specified in the note.

The following instructions were asked by defendants, and refused, except the 3d, which was given with the addition that fraud may be proved from conduct and circumstances:

1st. If the jury believe from the evidence, that no day for payment was fixed, the pledgee may sell after giving notice to the pledgor.

2d. If the jury believe from the evidence, that the note sold for as much as it was worth in the market, for cash, they will find for defendants.

3d. Fraud is never presumed but must be proved as charged.

4th. If the jury believe from the evidence, that Daniel Lloyd had no interest in said note, they must find for defendants.

5th. Unless the jury are satisfied from the evidence, that the note in controversy was not sold at auction, they will find for defendants.

The jury found for plaintiff against Brightman and Harper, the full face value of the note, that is for $800 with interest at ten per cent. per annum from 6th February, 1856. Judgment accordingly. Afterwards there was an amendment of the judgment, to the effect that defendants might discharge it, except the costs, by delivering up the note. Motion by Brightman, for new trial, overruled. Appeal by Brightman alone.

*J. F. McKenney*, for appellant. I. There is no proof that Brightman had anything to do with, or knew anything about, the dealings between Jarnett & Morgan and Harper, nor that he had notice of the same.

II. There was no proof of any fraud ; Brightman finding his note in market bought it at its market value. The jury were satisfied the note was worth but little, under the circumstances, and returned into Court to ask additional instructions; and the Court charged the jury expressly to find the face value ·of the note and interest, which was error, and misled the jury.

The defendant asked the Court to charge the jury, that if ·they believed the note sold for its value, they must find for ·defendants : this charge was refused, which was error.

The plaintiff did not ask for the value of the note, and the jury could not give it to him ; the plaintiff has recovered all ‘he sued for, the possession of the note. The judgment as amended does not state to whom the note shall be delivered, whether to the Sheriff, to the Court, or to plaintiff, or Goal·man, who appears to be the owner.*

*Lawhon*, for appellee. I. All the right which Jarnett & Morgan could possibly have in the instrument of writing pawned was, in case of failure to pay the debt due to them by ‘Lloyd, to collect the note, and pay the proceeds thereof, part in satisfaction of their debt, and the residue to the pawnor, or his proper representative. Such is the general rule. (See Cor·telyon v. Lansing, 2 Caine’s cases in error, 201 ; Garlick v. James, 12 Johns. R 146.)

More especially is this the rule in this particular case. The ·testimony shows that Lloyd had only a right as trustee to the note, to hold and collect it, and to pay proceeds to Goal·man, to whom the note was assigned. This right he pledged ; ·and this right, only, had the pawnees in the note.

II. The conduct of the parties seems to illustrate their in-

---

*In the transcript there was a copy of a note, answering the description of the note in controversy, with the surname of the maker torn off, and with an endorsement from Lloyd to J. J. Goalman, dated February 6th, 1856. It was marked filed October 27th, 1857, which was the date of the original entry of judgment ; the amendment of the judgment being made on the next day. And there was a certificate by the Clerk, that said paper was handed to him by defendants’ attorney immediately after the finding of the verdict.—REPS.

tention and understanding, of the agreements entered into between them, and what was the signification of the message from Lloyd to Jarnett & Morgan, by the witness.    On receiving that message, and Lloyd failing to redeem, they delivered the note to Harper, without endorsement or assignment, and received therefor only the amount of their debt due by Lloyd. And the care of Lloyd that such interest as they might transfer might be to " a good man "—one who would be safe, and pay over the balance of the note on the collection of the same, as is presumed, is further evidence of the intention of the parties.

One who has a limited title may pledge *pro tanto;* and a pledgee may pledge his interest.    (2 Tenn. R. 376 ; 7 East. R. 5 ; Story on Bailment, Sec. 295.)

III.  Harper having received the note, coupled with the lien in favor of Jarnett & Morgan, was bound by the same rules which governed the latter as to sale.    Notice to the pledgor, or judicial proceedings were necessary, before the right to the thing could be transferred to another.    (Garlick v. James, 12 Johns. R. 146.)  And Harper having delivered the note to the payor of the same, (Brightman,) the appellant is bound to pay the same, or the amount thereof, to plaintiff.

IV.  The charge of the Court is correct, so far as the merits of this case are concerned.

V.  The judgment is substantially correct, as amended; being in effect for the note sued upon and costs ; and failing the defendants to deliver the note, for the amount thereof and accruing interest also, it does substantial justice.


ROBERTS, J. The Court charged the jury, that " if Brightman or Harper purchased the note without notice, and without such circumstances coming to their knowledge as should have put them on enquiry, then they are not liable to this action ; but if, on the contrary, it be proved that Brightman or Har-

per bought the note with express notice of the pledge, or that the same was offered to them for a price so much below its real value as should have excited their reasonable suspicion, that there was fraud in the transaction, then they are liable for such note."

This charge makes the liability of these defendants depend upon their having notice that the note was pledged to Jarnett & Morgan. In this it was erroneous. For if the note was pledged, and Lloyd expressly authorised Jarnett & Morgan to sell it, upon being called on to redeem, then a sale at a reasonable price would be valid, whether the purchaser knew that he was buying property which was pledged or not.

Even though such express authority had not been given, they had a right to give Lloyd notice and sell the pledge to pay themselves the debt due them. (Cortelyon v. Lansing, 2 Caine's Cases, 204 ; Edward's on Bailments, 248 ; Story on Bailments, Sec. 348.)

The evidence does not show that Harper or Brightman knew anything about the note being pledged. Nor does it show what the note was worth.

In determining the damages, the Court below instructed the jury to find according to the face of the note. The note was not due when the suit was tried. The action was brought to recover the possession of the note ; and the damage for nondelivery of the note, upon its being recovered, would be the value of the note. (Cortelyon v. Lansing, 2 Caine's Cases, 215, 216.) It would not follow that it was worth its face value. For in addition to its not being due for some time, the payee, Brightman, though honest, was regarded as in rather failing circumstances, and the lot, for which the note was given, had become reduced in value, until it was not worth more than fifty dollars ; and it was shown that the best paper in the country was at a large discount.

The damages should have been assessed with reference to the value of the note in market, and not by its face.

We are of opinion that the Court erred in both of the charges, that have been referred to ; and therefore the judgment is reversed and the cause remanded.

Reversed and remanded.