## Peoples National Bank v. Brogden & Bryan.

### No. 1377. Decided December 22, 1904.

**Bank—Draft—Bill of Lading—Measure of Damages.**

A bank receiving from the shipper of a carload of apples a draft on the consignee for the purchase price, with the bill of lading attached, without surrendering the draft, took from the consignee, who was insolvent, a draft for the price on third parties, and delivered the bill of lading to him. The third parties having refused payment, the bank was liable to the shipper for the loss of the apples caused by its surrender of the bill of lading, but the measure of damages was not the amount of the draft, but the value of the apples at their destination, less freight charges. (Pp. 361-364.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

*Templeton & Harding*, for appellant.—The gist of the suit against the bank is the surrender by it of the bill of lading to Cox, thereby enabling him to convert the same, which it is claimed he did by changing the destination, and hence it is averred that the bank became liable for the full face of the draft, regardless of the inferior grade of the apples called for in the bill of lading, and regardless of their decayed condition. The trial judge adopted this view. The special answer set up the facts contained in the assignment of error. We submit that if the bank was liable at all, it was not necessarily liable for the face of the draft, but should have been permitted, on the question of damages, to

plead and prove the inferior grade of the apples, the decayed condition, the insolvency of Cox, and all other facts tending to show the worthlessness of the draft and the bill of lading for the conversion of which a recovery is sought.  Thomas v. Morse, 80 Texas, 290; Brightman v. Reeves, 21 Texas, 77; Griggs v. Day (Notes) 32 Am. St. Rep., 725-6; 3 Am. and Eng. Enc. of Law, 2 ed., 814; 5 Am. and Eng. Enc. Pl. and Pr., 511; 1 Daniel on Neg. Insts., 329, 330; Omaha Nat. Bank v. Kiper, 82 N. W. Rep., 103; Farmers Bank and T. Co. v. Newland, 31 S. W. Rep., 38; Gulf C. & S. F. Ry. Co. v. North Texas Grain Co., 32 Texas Civ. App., 93; Rapp v. Bank, 136 Pa., 426; Citizens Bank of P. v. Houston, 32 S. W. Rep., 397; First Nat. Bank of Corsicana v. City Nat. Bank of Dallas, 12 Texas Civ. App., 318.

*G. C. Groce,* for appellees.—The facts found by the trial judge show that appellant became the agent of appellee to deliver the apples in question to Cox on payment by him, for appellees' use, of a certain sum of money, and its plain duty was to obey instructions.  An agent notified that property has been sold for a certain sum of money, and authorized to deliver it upon payment of such sum, has no authority to do otherwise than as instructed, and if he delivers such property without payment, in money, of the sum stipulated and directed, he becomes liable for such sum, and has no right to raise the question whether or not the property was worth the stipulated price.  Gulf C. & S. F. Ry. Co. v. North Texas Grain Co., 32 Texas Civ. App., 93; National Bank v. City Bank, 103 U. S., 668; Second Nat. Bank of Columbia v. Cummings, 18 S. W. Rep., 115.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Fifth Supreme Judicial District, as follows:

"The case made by the petition and established by the findings of fact is that in September, 1902, appellees, in Arkansas, bargained to one Cox, of Ennis, Texas, 155 barrels of apples, for $465, delivered at Ennis, with privileges of examination in car, for the agreed price of which a draft was drawn on Cox with bill of lading attached, shipment being to 'shipper's order, notify Cox,' and that this draft was sent by a bank in Arkansas, acting as appellees' agent, to appellant, at Ennis, Texas, for collection; that appellant received the draft and undertook its collection, but instead of collecting the amount of the draft in money, less any sum Cox might pay for freight on the apples, as was its duty, it accepted Cox's draft in its own favor on other parties, for the amount of the draft on him, and surrendered to Cox the bill of lading, by means of which he was enabled to, and did, take possession of the apples and converted them to his own use, by shipping them to Corsicana, where the consignees refused to accept them and they were sold by the railway company to pay freight, and that the draft accepted by appellant was never paid.

"Suit was brought against appellant to recover the purchase price of the

apples. Appellant answered by general denial and specially, that the defendant says that it is true that the plaintiff sold and shipped to A. G. Cox at Ennis, Texas, a car of apples as alleged by the plaintiff, and that the draft for the value of the same was attached to the bill of lading, and sent to the defendant for collection as alleged by the plaintiff; that when the said car of apples arrived at Ennis, Texas, the said car of apples was not sound and marketable apples, and the said Cox could not sell the same in Ennis, Texas, and then on the same day of the arrival of the same in Ennis, he, the said Cox, did negotiate a sale of the said car of apples to a wholesale firm in Corsicana, Texas, a place about twenty miles distant from Ennis, and at once called on this plaintiff to lend him the bill of lading, whereby he could have the said apples forwarded on to said Hineman & Johnson, and then and there drew his draft on the said Hineman & Johnson for the same amount as the draft defendant held for collection in favor of plaintiff, and delivered said draft to defendant for collection, which said draft the defendant forwarded to Corsicana for collection, still holding the said draft drawn by plaintiff on the said Cox. That at that said time and long thereafterwards and up to the present time the said A. G. Cox was and still is actually and notoriously insolvent and the said draft so drawn on him by plaintiffs could not be collected from him, and was utterly worthless. That the said car of apples was in bad and decaying condition and was perishable property and the changing the destination to Corsicana was solely with the intent and purpose to realize if possible something for the said apples. That had the same remained in Ennis, nothing whatever could have been realized from the sale thereof. But when the said car of apples reached Corsicana, the same was rejected by said Hineman & Johnson, and were practically worthless, and were rotten. Wherefore this defendant says it is not liable in any sum whatever. Defendant further says that the apples came in inclosed barrels and in a car and it was impossible to inspect said apples and ascertain their condition until after the barrels were opened, which Cox could not have reasonably done, as the apples were confined in barrels, about 150 in number, and it would have been necessary to have opened each barrel, which was impossible, unusual and unreasonable thing to do, and would have required two days to so do.

"And for further answer, the defendant says that here adopting the last aforesaid answer as if here specially pleaded, that if the defendant is liable for any sum whatever that it is only the market value, or the actual value of the said car of apples at Ennis, Texas, at the time the said bill of lading was delivered to said Cox, which value did not exceed $50.

"And for further special answer, the defendant says that if the plaintiff sold and shipped to the said A. G. Cox a car of apples as alleged in their petition, that the said apples so sold and shipped were sold to said Cox on the express representation of the plaintiffs that the same were to be strictly choice, well colored apples, nearly half of them to be winesap apples, and the others to be of good varieties, and the balance to be

the Ben Davis apples, and were to be delivered at Ennis, Texas, at $3 per barrel. That said Cox accepted the terms and representations on which the said apples were contracted to be sold and delivered to him at Ennis, and on the faith of the said representation he at once, and before the said apples arrived in Ennis, placed orders with good and solvent parties, merchants in Ennis, Texas, for the entire car at a price at $3.35 per barrel.

"That if said car of apples had been as plaintiffs represented them to be the market price of the same at Ennis, Texas, the day they arrived there would have been and was $3.35 per barrel. That when the said car arrived at Ennis, he at once inspected the same, and exhibited true samples of the same to the said parties to whom he had engaged the said apples, and said parties refused to accept the same because the said apples did not come up to the representations of the plaintiff and were in bad condition and decayed condition, and were largely what is termed 'culls.' That said Cox was unable to sell the said apples in Ennis, Texas, and made effort to sell the same at Corsicana but the same were rejected as rotten apples. That if the said apples had been as represented by the plaintiff the said Cox would have realized 35 cents per barrel net profit thereon, and by reason of the premises he was damaged by the wrongful acts as aforesaid of the plaintiffs, to the amount of $54.25, for which sum the plaintiffs are justly liable. That heretofore, to wit, on the 5th day of September, 1903, the said Cox for a valuable consideration in writing transferred to defendant his said cause of damage, and all damages recoverable by him against plaintiff by reason of the said shipment and misrepresentations and breach of contract.

"Whereby the plaintiff became and is liable to pay the said amount to defendant, and it here pleads the same in reconvention against the plaintiff, and asks that it have judgment against the plaintiffs for the same, and in the event that the plaintiffs should recover any sum against the defendant, it prays that the said $54.25 be set off against the same.

"Defendant further prays for all such relief as he may be entitled to.

"To this special answer appellee filed exceptions, the ground stated being in substance that said answer showed not only no defense, but showed appellee's right to recover; and that the pretended counterclaim was not only without merit, but was of a nature that could not be set off against appellee's action. The exceptions were sustained. Judgment was rendered for appellees and affirmed by this court, without written opinion, and the case is pending on motion for rehearing.

"Question 1. Were the exceptions to said answer properly sustained? In other words, was the bank liable for the contract price of the apples as shown by the face of the draft, or was it only liable for the market value of the apples at Ennis at the time Cox got possession and control of them?"

The exceptions should not have been sustained. If the facts alleged be true the plaintiffs are not entitled to recover the face of the draft. The same measure of damages is applicable to this case as applies to

ordinary agents. Hamilton-Donaldson & Co. v. Cunningham, 2 Brock (U. S.), 350. According to the allegations of the answer, the appellant did not receive the draft drawn by Cox upon Hineman & Johnson in payment of the draft of appellees upon Cox, but received it for collection as a means of collecting the appellees' draft then in its hands. It is averred in the answer that Cox was insolvent and that the draft could not have been collected, therefore the appellees did not, by the act of appellant, lose the amount of the draft on Cox, but by surrendering the bill of lading appellant enabled Cox to convert the apples to his own use, thereby depriving Brogden & Bryan of the carload of apples. The loss was the value of the apples at Ennis at the time Cox took possession of them less the freight charges, and that is the measure of damages applicable to the facts set up in the answer. Thomas v. Morse, 80 Texas, 290; Brightman v. Reeves, 21 Texas, 76; Griggs v. Day, 32 Am. St., 725, note; First Nat. Bank of Meadville v. Fourth Nat. Bank of City of N. Y., 77 N. Y., 320; 3 Am. and Eng. Enc. of Law, 814.