COLLIN COUNTY NAT. BANK v. TURNER et al. (No. 1302.)

(Court of Civil Appeals of Texas. Texarkana. April 23, 1914. Rehearing Denied May 7, 1914.)

1. BANKS AND BANKING (§ 171*) — COLLECTIONS—LIABILITY FOR WRONGFUL ACTS.
Where a bank, which received and accepted drafts with bills of lading attached, indorsed in blank by the shipper, with the shipper's written instructions that they should be delivered to the S. Company upon payment of the drafts, in violation of the instructions and without authority permitted the bills of lading to be de-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tached from the drafts and attached to different drafts drawn by the S. Company on a third party, thereby placing the apparent legal title to the shipment in the S. Company and enabling and causing its creditors to attach and sell the shipment as its property, it was liable as for conversion for the damages thereby occasioned the shipper.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 597–617; Dec. Dig. § 171.*]

2. LIMITATION OF ACTIONS (§ 127*)—COMPUTATION OF PERIOD OF LIMITATION—AMENDMENT OF PLEADINGS.

Where, in an action against a bank receiving drafts for collection, which in violation of its instructions detached the attached bills of lading and attached them to others drawn by the consignee, as a result of which the consignee's creditors attached and sold the shipment, the original petition filed in time to stop the running of limitations alleged the facts in respect to detaching the bills of lading and the loss occasioned thereby, and was sufficient as against a general demurrer to set up default or conversion, the cause of action was not barred by limitations, though an amended petition making the allegations more specific was filed after the expiration of the period of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

3. LIMITATION OF ACTIONS (§ 56*)—COMPUTATION OF PERIOD OF LIMITATION—COMMENCEMENT OF PERIOD.

Limitations would not run against the right of action of a bank which received drafts for collection against another bank to which it forwarded them and which detached the attached bills of lading and attached them to others drawn by the consignee until it paid the judgment recovered against it by the drawer.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 307–311; Dec. Dig. § 56.*]

4. BANKS AND BANKING (§ 175*) — COLLECTIONS—MEASURE OF DAMAGES FOR WRONGFUL ACTS.

The measure of damages for the act of a bank to which drafts were sent for collection in detaching the attached bills of lading and attaching them to other drafts drawn by the consignee enabling the consignee's creditors to attach and sell the shipment was prima facie the face of the drafts which represented to the bank's knowledge the contract amount payable by the consignee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. § 175.*]

Appeal from District Court, Collin County; G. R. Smith, Special Judge.

Action by C. J. Turner against the Collin County National Bank and another. From a judgment against it, the defendant named appeals. Affirmed.

See, also, 111 S. W. 670.

The suit is by C. J. Turner against the First National Bank of Wortham and the Collin County National Bank for damages occasioned by surrendering, contrary to instructions, a bill of lading accompanying a draft received and forwarded for collection. The petition fully averred the facts. The First National Bank of Wortham pleaded general denial, and by cross-action sought to recover against the Collin County National Bank as

its agent for whatever sum it may have to pay on the plaintiff's cross-action against it as principal. The Collin County National Bank answered both the petition and cross-action by demurrer, exceptions, and general denial, and pleaded the statute of limitations. There was a trial to the court without a jury, and judgment was entered for the plaintiff against both banks, and in favor of the First National Bank of Wortham on its cross-action against the Collin County National Bank. The appeal is by the Collin County National Bank.

The findings of fact made by the court are warranted by the evidence, and are as follows:

"I find that on July 29, 1905, the plaintiff shipped a car of oats containing 273 sacks, from Richland, Tex., to Breaux Bridge, La., shipper's order, notify Southwestern Grain Company of McKinney, Tex., and that on July 31st he shipped a car of oats containing 322 sacks from Richland, Tex., to Breaux Bridge, La., shipper's order, notify Southwestern Grain Company, McKinney, Tex., and that each of said sacks contained 4 to 4½ bushels of oats, and that said oats were worth 30 cents per bushel at Breaux Bridge, La., and at Richland, Tex.; that the Southwestern Grain Company had bought said oats from plaintiff and had agreed to pay 30 cents per bushel therefor.

"I further find that on the 31st day of July the plaintiff gave to the defendant First National Bank of Wortham two drafts, one for $296.55, the purchase price of the first car of oats, and one for $350.05, the purchase price of the last car of oats, said draft having the bills of lading attached, and that said bills of lading were indorsed in blank by plaintiff, and that plaintiff instructed said bank to collect the same and to deliver said bills of lading only on payment of said drafts. And I find that defendant First National Bank of Wortham sent with said drafts and bills of lading written instructions to this effect, to the Collin County National Bank, which bank received said drafts upon July 31, 1905.

"I further find that said cars of oats went to Breaux Bridge, La., and that the Collin County National Bank of McKinney, Tex., permitted the bills of lading to be detached from plaintiff's draft without paying the same, and to be attached to the Southwestern Grain Company's drafts on A. Steen, of Breaux Bridge, La., and that the Collin County National Bank forwarded such drafts of Southwestern Grain Company so attached to a bank at Breaux Bridge, La., for collection. I find that the drafts of the Southwestern Grain Company on A. Steen were for a greater amount than the drafts of plaintiff.

"I further find that after said bills of lading with the drafts of the Southwestern Grain Company attached thereto had been received by the bank at Breaux Bridge, La., the said A. Steen, to whom the Southwestern Grain Company had contracted to sell said two cars of oats, went to the bank and examined said bills of lading and drafts attached thereto, and thereafter caused the said two cars of oats to be attached as the property of the said Southwestern Grain Company on account of some indebtedness which he, the said A. Steen, claimed against the Southwestern Grain Company, and that the said two cars of oats were sold at sheriff's sale to satisfy said claim of A. Steen against the said grain company.

"I further find that the bank at Breaux Bridge, La., subsequently returned the said bills of lading to the Collin County National

Bank, and that on the 10th day of August, 1905, the Collin County National Bank returned the plaintiff's drafts and bills of lading to the First National Bank of Wortham, and I find that the plaintiff, Turner, received nothing from the sale of the said oats, and was paid nothing on account of said drafts, and that by reason of the act of the defendants the plaintiff lost the entire value of said two carloads of oats. I find that the oats sold as above stated at sheriff's sale in Breaux Bridge, La., for as much as the amount of plaintiff's two drafts.

"I find that the market value of the oats contained in said two cars was at the above-mentioned date the sum of $640.50, and that the interest thereon from August 10, 1905, at 6 per cent., amounts to the sum of $305.20, making a total of $945.50, to which sum plaintiff is entitled to a judgment against each of the defendants; said judgment to bear interest from date at the rate of 6 per cent."

G. R. Gough and W. R. Abernathy, both of McKinney, for appellant. R. C. Merritt, of McKinney, and W. J. Bryant, of Wortham, for appellee.

LEVY, J. (after stating the facts as above). [1] By the first assignment of error the contention is made that the petition of the plaintiff does not support a judgment in his favor against the Collin County National Bank. The amended petition of the plaintiff, filed July 18, 1913, and on which the case was tried, alleges, as material to be stated, that the Collin County National Bank received and accepted drafts with bills of lading attached, and indorsed in blank by the plaintiff, from the First National Bank of Wortham, together with the plaintiff's written instructions that the bills of lading should be delivered to the Southwestern Grain Company only upon the immediate payment of the drafts by the grain company, and that the Collin County National Bank, in violation of the instructions, and without authority, permitted the bills of lading to be detached from the drafts and attached to different drafts drawn by the grain company on A. Steen of Breaux Bridge, La., and as so attached forwarded the bills of lading to a bank at Breaux Bridge, thereby placing the apparent legal title to the cars of oats in the grain company and enabling and causing creditors of the grain company at Breaux Bridge to attach and sell the oats as the property of the grain company. The facts found by the court are in accordance with the allegations. If the Collin County National Bank by its independent and unauthorized acts, as alleged and proven, caused the loss or conversion of the oats, it would be liable to the plaintiff as for conversion for the damages occasioned through the unauthorized acts done by it. The assignment is therefore overruled.

[2, 3] The second and third assignments presented the contention that the cause of action in favor of the plaintiff was barred by limitation of two years. And by the fourth and fifth assignments the same contention is made by appellant in respect to the cross-action of the First National Bank of Wortham. The point made is that the default on the part of the Collin County National Bank occurred, under the facts, either on July 31, 1905, or on August 10, 1905, and that the plaintiff did not set up conversion until the amended petition of July 18, 1913, and that the First National Bank of Wortham did not file its cross-action until September 16, 1907. The original petition of the plaintiff was filed on the 8th day of August, 1906, and averred the facts concerning the acts and conduct of the Collin County National Bank in respect to detaching the bills of lading and the loss occasioned thereby. The court sustained certain special exceptions directed to the allegations, and an amended petition was then filed making more specific the allegations of the original petition. The original petition was admittedly filed within time to stop the running of limitation; and as the averments therein were sufficient, as against a general demurrer, to set up default or conversion, and asked for damages therefor, the plaintiff's cause of action could not be said to be barred by the statute of two years' limitation. And if it could be said that the First National Bank of Wortham was seeking on its cross-action in its own right and name to recover independently for the loss of the oats against the Collin County National Bank, then it would not be doubted that appellant's contention that the cross-action was barred should be sustained. But the First National Bank of Wortham is not seeking a recovery on any independent cause of action, but by the cross-action is seeking recovery only against the Collin County National Bank as its agent, for whatever sum it may have to pay on the plaintiff's cause of action against it as principal. And in this view of the cross-action of the First National Bank of Wortham, limitation would not run in favor of the Collin County National Bank until the First National Bank of Wortham had paid the judgment against it. City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518.

The sixth and seventh assignments are overruled as constituting no reversible error. See Houston v. Blythe, 60 Tex. 506.

[4] The measure of plaintiff's damage prima facie was the face of the drafts, which represented to appellant's knowledge the contract amount payable by the grain company for the oats. And there is no pretense in the evidence that the amount payable by the drafts was incorrect. As a fact the court entered judgment for the market value as found by him, which was less than the face of the drafts. The eighth assignment is overruled, as showing no injury and as not warranting reversal.

The ninth and tenth assignments are overruled.

The judgment is affirmed.