### BEHRINGER v. CITY NAT. BANK.
#### (No. 2823.)

Court of Civil Appeals of Texas. Amarillo.
May 4, 1927.

Rehearing Denied June 8, 1927.

1. **Banks and banking** �köä171(6)—**Correspondent of bank forwarding depositor's negotiable paper for collection is depositor's agent by operation of law.**

A correspondent bank, to which a depository bank has forwarded a depositor's negotiable paper for collection, is an agent of the depositor, and not of the forwarding bank, and is required to exercise due diligence in his behalf; the relation arising by operation of law on the correspondent's acceptance of the check.

2. **Limitation of actions** ⊝24(2)—**Correspondent bank's post card to forwarding bank, acknowledging receipt of depositor's check for collection, is not contract as respects limitations (Rev. St. 1925, art. 5527).**

As respects applicability of four-year statute of limitations (Rev. St. 1925, art. 5527), post card by correspondent bank to forwarding bank, acknowledging receipt for collection of check owned by the forwarding bank's depositor, is not a contract between the depositor and the correspondent, but merely some evidence of it.

3. **Banks and banking** ⊝175(5)—**Measure of damages sustained by depositor in forwarding bank, because of correspondent's negligence in collection, is actual resulting loss.**

Measure of damages sustained by the depositor and owner of negotiable paper because of the negligence of his depository bank's correspondent to present the check diligently, is the actual loss resulting from the negligence.

4. **Limitation of actions** ⊝28(1)—**Depositor's cause of action against depository bank's correspondent for negligence in collection is governed by two-year statute (Rev. St. 1925, arts. 5526, 5527).**

The cause of action of the owner of negotiable paper arising, on account of negligence, against the correspondent of the bank in which he deposits check for collection is for damages resulting from the negligence governed by the two-year limitation statute (Rev. St. 1925, art. 5526), and is not based either on the check or the indorsement placed thereon by the correspondent so as to bring his action within the four-year statute of limitations on written contracts (article 5527).

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

**5. Bills and notes ☞290 — Correspondent bank's indorsement of check on another bank received for collection is "restrictive" in fact, though not in form, within Negotiable, Instruments Law (Rev. St. 1925, arts. 5932–5948).**

Correspondent bank's stamped indorsement on back of check, "Pay to order of any bank, banker or trust company. Prior indorsements guaranteed," does not render the bank liable to the owner of the paper for the amount thereof, on failure of collection; the indorsement being in fact restrictive within the Negotiable Instruments Law (Rev. St. 1925, arts. 5932–5948).

[Ed. Note.—For other definitions, see Words and Phrases, Restrictive Indorsement.]

**6. Bills and notes ☞199—Beneficial ownership of check accepted for collection remains in depositor, notwithstanding indorsements by depository and correspondent banks (Negotiable Instruments Act [Rev. St. 1925, art. 5934, §§ 36, 37]).**

The beneficial ownership of a check remains until collection in the one who deposits it at a bank for collection and credit, notwithstanding successive indorsements by the depository bank and its correspondent for the purposes of collection; the indorsements being within Negotiable Instruments Act (Rev. St. 1925, art. 5934), §§ 36, 37, relating to restrictive indorsements.

**7. Banks and banking ☞175(1)—Depositor's action, for damages for negligence in collection, against correspondent of depository bank, sounds in tort.**

Depositor's action for damages against correspondent of depository bank for negligence in collection of check sounds in tort rather than in contract.

**8. Limitation of actions ☞55(2)—Limitation on depositor's cause of action against forwarding bank's collection correspondent begins to run at time of negligent failure to act.**

Limitation begins to run on depositor's cause of action against correspondent of the depository bank for negligence in collection at the time of the correspondent's failure to act.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Action by Dell Behringer against the City National Bank and others. Judgment for defendant named, and plaintiff appeals. Affirmed.

See, also, 241 S. W. 1092, and 113 Tex. 415, 257 S. W. 206, 36 A. L. R. 1302.

Fischer & Fischer, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

HALL, C. J. This case was tried in the court below upon an agreed statement of facts prepared under R. S. art. 2177, a copy of which, properly authenticated, is the statement of facts filed in this court.

As bearing upon the issue presented here, the following are the material facts:

On June 1, 1920, the Thrift Waggoner Bank for value issued to the appellant, Behringer, its cashier's check in the sum of $3,152. Said check wth the indorsements thereon is as follows:

"Thrift Waggoner Bank (Unincorporated). No. 8118. Thrift Texas June 1, 1920 (via Burkburnett). Pay to the order of Dell Behringer $3,152.00 three thousand one hundred fifty-two dollars. Cashier's check.

"[Signed]  E. M. Longcope, Jr., Cashier."

Indorsed:

"Dell Behringer.

"Pay to the order of the City National Bank, Wichita Falls, Texas. June 1st, 1920. Tillman County Bank, Granfield, Oklahoma.

"Pay to the order of any bank, banker, or trust company. Prior indorsements guaranteed. June 3, 1920. City National Bank of Commerce, Wichita Falls, Texas."

On the same day Behringer deposited the check for collection with the Tillman County Bank of Grandfield, Okl., receiving thereon the sum of $400 in cash, and a credit upon the books of that bank for the remainder. The Tillman county bank issued him the following deposit slip:

"Deposited in the Tillman County Bank, Grandfield, Okl. Dell Behringer. 6–1—1920. Thrift, Texas, $3,152; cash $400—$2,752."

On the back of the slip is the following:

"This slip is a duplicate of a deposit left with us for your credit. It is not negotiable, therefore, if lost no harm is done. We thank you for your patronage, and we want you to return this slip at once if it is not correct. We will gladly correct the same. All deposits are guaranteed by the state guarantee law, for protection. Tillman County Bank, Grandfield, Okl."

The appellee bank, then operating under the name of the City National Bank of Wichita Falls, Tex., was the correspondent of the Tillman County Bank, and on the same day the Tillman County Bank stamped its indorsement across the check, and forwarded it, together with other items, by mail to the appellee bank. The appellee received and accepted the check for collection on June 3, 1920, and in the usual course of its business stamped across the back of said check, as follows:

"Pay to the order of any bank, banker or trust company. Prior indorsements guaranteed. June 3, 1920. City National Bank of Commerce. Wichita Falls, Tex."

The indorsements of both of said receiving banks were stamped upon the back of the check in accordance with the usual custom of said banks in handling such items for collection. On June 3, 1920, the appellee bank advised the Tillman County Bank in writing of the receipt and acceptance of said check, to-

gether with other items for collection; such advice and receipt being upon a printed post card, mailed to the Tillman County Bank, and is in words and figures as follows:

"City National Bank of Commerce, Wichita Falls, Texas, 6—3—1920. Your favor of —— is received. We credit your account:

| | |
|---|---|
| Ret. | 18.40 |
| 6-1 | 19,098.52 |
| 6-2 | 5,941.17 |

"All checks, drafts, items, and other papers received by this bank on deposit for credit or collection are taken at the risk of owner or depositor. This bank, as agent for the owner or depositor, will forward same to collecting agents out of the city, but should said collection agents convert the proceeds or remit in checks or drafts which are thereafter dishonored, the amount for which credit has been given will be charged back to the owner's or depositor's account, and the dishonored paper delivered to the owner.

"This bank assumes no responsibility for the negligence or default directly or indirectly of collecting agents or for loss in the mails, and reserves the right to send all items for collection to its regular or special correspondents, nor will it be responsible for failure of its agents to protest items.

"Sight drafts are allowed three days' grace in Texas.

"Items taken are subject to the conditions named above.   R. E. Shepherd, Cashier."

Everything upon the receipt card was printed except these notations:

| | |
|---|---|
| "Ret. | 18.40 |
| 6-1 | 19,098.52 |
| 6-2 | 5,941.17" |

—and the initials of the bank's agent.

After the appellee bank had received the said check, it failed to use diligence in the presentation of same to the Thrift Waggoner Bank, and was guilty of negligence in mailing the check to the issuing bank, when there was another bank at Thrift, Tex., to which it might have been sent. Upon receipt of the check, the Thrift Waggoner Bank, on June 4, 1920, stamped it "Paid," but made no remittance therefor to the appellee bank. On June 18, 1920, the Thrift Waggoner Bank became insolvent and closed its doors. On that date the appellee bank, not having received the remittance from the Thrift Waggoner Bank, charged the amount of the check back to the account of the Tillman County Bank, which last bank in turn charged the amount to the appellant.

The plaintiff's petition was filed on the 28th day of May, 1924, more than two years and less than four years after its cause of action against the appellee bank accrued. The statement contains a stipulation of counsel that, if the Tillman County State Bank should recover the sum of $400 originally paid appellant, then appellee will repay him the sum of $200 with 6 per cent. interest thereon from June 20, 1920.

Several other parties were made defendants upon the allegation that they were interested in the Thrift Waggoner Bank, but plaintiff dismissed his suit as to them before the trial.

The appellee bank by proper pleading interposed the defense of the statute of limitations of two years. Upon a trial to the court without the intervention of a jury, judgment was rendered against Behringer; hence this appeal.

One proposition is submitted as follows:

"The defendant having acknowledged in writing the receipt of the appellant's check for presentation to the drawer for payment, and the check itself being a written instrument, this suit being for damages against the defendant for the amount of the check, which the plaintiff lost because of the negligence of the defendant in presenting the same to the drawer for payment, is governed by the four-year statute of limitations."

It being admitted that appellee was negligent and is liable, and the only defense being that of limitations, this proposition presents the only contention for determination.

[1, 2] This court met this check once before, and tackled some of the legal problems growing out of its meanderings (241 S. W. 1092), and fell outside of the breastworks. 113 Tex. 415, 257 S. W. 206, 36 A. L. R. 1302. In deciding that contest the Supreme Court declared that the appellee bank was the agent of appellant, Behringer, for the purpose of collection. This relation was created by operation of law upon acceptance of the check for collection by appellee, and immediately by implication a contract arose between Behringer and appellee that the latter would exercise due diligence in the matter of collection. The postal card receipt which appellee sent to the Tillman County Bank was not the contract between Behringer and appellee; it was like a pass book or a deposit slip, merely some evidence of it. Stark v. Long (Tex. Civ. App.) 270 S. W. 1095. There is not a scrap of writing in this record signed by appellee evidencing a promise by it to pay Behringer the amount of the check, even if it had succeeded in its effort to collect it. The promise under such circumstances would arise by implication of law; its duty resting upon the fact that it had collected and held funds belonging to the appellant.

The appellant insists that, since his suit was commenced within four years after his cause of action accrued, his rights are governed by the provisions of R. S. art. 5527, as follows:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

On the other hand, the appellee bank contends that his rights are limited by the provisions of R. S. art. 5526, as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description: * * * 4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

[3] The amount which appellant would be entitled to recover in an action of this character is not necessarily the face of the check. His damages would be measured by the actual loss resulting from the negligence of the bank. 7 C. J. 623, 624; People's National Bank v. Brogden, 98 Tex. 360, 83 S. W. 1098; Id. (Tex. Civ. App.) 84 S. W. 601; Collin County National Bank v. Turner (Tex. Civ. App.) 167 S. W. 165.

[4] As stated in the appellant's proposition, this is a suit for damages resulting from the negligence of the appellee, and in no sense is the action based upon either the check or the indorsement placed thereon by appellee. The suit of course is not based upon the postal card which appellee mailed to the Tillman County Bank, acknowledging receipt of the check.

Appellant cites the following cases in support of his contention that the check, its indorsement by appellee, and the postal card, constitute written evidence of the contract. Republic Supply Co. v. Waggoner (Tex. Civ. App.) 283 S. W. 537; Laredo Electric L. & M. Co. v. United States Electric Light Co. (Tex. Civ. App.) 26 S. W. 310; F. Groos & Co. v. Brewster, 34 Tex. Civ. App. 140, 78 S. W. 359; Fidelity & Casualty Co. v. Callahan (Tex. Civ. App.) 104 S. W. 1073. These cases are not in point. In the Fidelity & Casualty Co. Case the action was upon an insurance policy which was based upon an application. These instruments evidence the liability of the insurer to pay, and the suit was based upon the implied contract. In the Republic Supply Co. Case, Waggoner and Green, at the directors' meeting, had expressly agreed to take over the assets of the insolvent company and pay its debts. This agreement to which the company was a party was entered upon the minutes of the corporation, and the action in that case was based upon this express contract. In the instant case the appellee has never agreed to pay the check. In the Laredo Case there was an express order for the electric fans, and the suit was for the purpose of recovering their value. In the other case Groos & Co. had written the bank authorizing it to pay Brewster's drafts, and by the correspondence impliedly bound themselves in writing to protect the bank in so doing.

[5, 6] It cannot be seriously contended that the stamped indorsement of appellee bank, upon the back of the check, rendered it liable to appellant for the amount thereof, in the absence of its collection. The record shows that Behringer deposited the check with the Tillman County Bank for collection. While that bank advanced him $400 by way of a loan, it did not purchase the check, but received it for collection only, and Behringer knew that it had been forwarded to appellee not for sale, or negotiation to appellee, but to be held by it for collection only. Whatever the language of the indorsements placed upon the check by the banks, in the light of these facts, such indorsements were restrictive, and neither bank was liable for the face of the check. Tradesmen's State Bank v. Ft. Worth Elevators Co. (Tex. Civ. App.) 214 S. W. 656; Gregory v. Sturgis National Bank (Tex. Civ. App.) 71 S. W. 66. Since appellant had not sold the check to the Tillman bank, but had merely indorsed it to said bank for collection, the beneficial ownership of the check remained in him. Brannans' N. I. L. (4th Ed.) pp. 316, 317. That bank had in turn indorsed it to the appellee for the same restricted purpose. Appellee's indorsement before sending it to the Thrift Bank was likewise a restricted indorsement. Tradesmen's State Bank v. Ft. Worth Elevators Co., supra. The indorsements of both banks were governed by R. S. art. 5934, § 36, and, under the provisions of section 37 of that article, appellee acquired only such rights as the Tillman County Bank had, which was to collect the check and charge for its services. Even though the language of the stamped indorsement did not show that it was restricted, nevertheless, the fact that all parties knew that it was indorsed for collection left the ownership of the check with appellant. 8 C. J. 368, and note 89, and authorities cited. Therefore appellee bank could not be held liable upon its indorsement.

[7] The plaintiff's action is simply one to recover damages by reason of the bank's negligence in performing the duty imposed upon it by law of collecting the check. The action sounds in tort rather than in contract. 2 Michie, Banks and Banking, 1501; Jefferson County Savings Bank v. Hendrix, 147 Ala. 670, 39 So. 295, 1 L. R. A. (N. S.) 246; Wood on Lim. §§ 177, 187d (2), 187d (3).

[8] "The statute of limitations begins to run against the negligent bank from the time of its failure to act, the gist of the action being negligence or breach of duty and not the consequent injury." 7 C. J. p. 621, § 290.

The judgment is affirmed.