FIRST NATIONAL BANK OF CORSICANA v. CITY NATIONAL BANK
OF DALLAS.

No. 879.

**1.  Banks—Collections—Ordinary Care.**

Where a bank, having for collection a draft on another point, instead of send-
ing it to a third person, mailed it to the drawees, the amount to be remitted by
them, it failed to exercise ordinary care.

**2.  Same—Negligence—Liability.**

Such failure of a collecting bank to use ordinary care will not render it liable
where, had the draft been sent for collection to a third person, its fate would
have been the same, the drawers having become insolvent.

APPEAL from Dallas.  Tried below before Hon. EDWARD GRAY.

*McKie & Autry,* for appellant.—A bank receiving paper for collection
at a distant point is liable to owner for the default or neglect of its cor-
respondents to whom it may have sent the paper—the correspondent is
the agent of the intermediate bank and not of the owner.  Bank of Sher-
man v. Weiss, 67 Texas, 332; Allen v. Bank, 22 Wend., 215; 34 Am.
Dec., 289; Bank v. Smith, 3 Hill, 560; Montgomery Co. Bank v. Al-
bany City Bank, 7 N. Y., 459; Commercial Bank v. Union Bank, 11
N. Y., 203; Ayranlt v. Bank, 47 N. Y., 570; St. Nicholas Bank v. State
Nat. Bank (N. Y. Ct. App.), 13 L. R. A., 241; Naser v. First National
Bank, 116 N. Y., 498; Titus v. Bank, 6 Vroom, 588; Wyngate v.
Bank, 10 Pa. St., 104; Bradstreet v. Everson, 72 Pa., 124; Reeves v.
State Bank, 8 Ohio St., 465; Tyson v. State Bank, 6 Blackford, 225;
Lewis v. Peck, 10 Ala., 142; Strassguth v. Nat'l G. A. Bank, 43 Minn.,
50; 7 L. R. A., 363; Simpson v. Walby, 63 Mich., 439; Power v. Bank,
6 Mont., 251; Exchange N. B. v. Third N. B., 112 U. S. (L. Ed.), 722;
Hoover v. Wise, 91 U. S. (L. Ed.), 392; Van Wait v. Walyle, 3 Barn.
and C., 439; MacKersey v. Ramseys, 9 Cl. and F., 818; Cobb v. Becke,
6 Add. and El. (N. S.), 930; Taber v. Perrat, 2 Gall., 565; Kent v.
Bank, 13 Blatchford, 237; First Nat. Bank v. Fourth Nat. Bank, 56
Fed. Rep., 967; 1 Daniel Neg. Inst., sec. 342; 2 Am. & Eng. Ency.
Law, 112.

*Crawford & Crawford,* for appellee.—The liability of a bank taking
a note or bill for collection, which is payable at a distance, extends
merely to the selection of suitable agents at the place of payment and to
the transmission to such agents with suitable instructions.  The bank
at the place of payment is the agent of the holder of the paper and not
the agent of the transmitting bank, and such bank is not liable for the
default of the correspondent selected with due care.  The bank em-
ploying the transmitting bank is presumed to assent to the employment
of agents at the place of payment.  Bank v. Cummings, 89 Tenn., 609;
same case, 24 Am. St. Rep., 618; Bank v. Sprague, 34 Neb., 318; same

case, 33 Am. St. Rep., 644; Gulich v. Bank, 56 Iowa, 434; Dorchester Bank v. New Eng. Bank, 1 Cush. (Mass.), 177.

JAMES, Chief Justice.—Appellee, on the morning of November 13, 1891, received by mail a draft drawn by appellant in its favor for $2000 on the bank of Bonner & Bonner, at Tyler, for collection and credit. The Corsicana bank had the proper credit with Bonner & Bonner.

That afternoon, the Dallas Bank mailed the draft to Bonner & Bonner with directions to credit its account with the same, and to remit the balance due by Bonner & Bonner to the bank, which consisted of $3805.35, besides the $2000 represented by the draft.

The draft reached Bonner & Bonner during the forenoon of the 14th, the time not given in the record. The instructions were not complied with and the remittance was not made.

It appears from the evidence that the bank of Bonner & Bonner opened on the morning of the 14th with about $3500 on hand in cash and cash items, the proportions not shown, and received during the morning (time not given) by express $5000, besides some deposits, the amount of which does not appear. It continued open until the usual closing hour, 3 p. m., paying every demand that was made upon it.

It continued the business as usual until about one o'clock, when the cashier received a telegram from New York which made it apparent that the bank must fail. After that, all deposits were laid aside and restored to the persons depositing. Upon receipt of said telegram, Bonner & Bonner communicated its condition to the First National Bank of Tyler, which bank became solicitous that the failure of Bonner & Bonner should not become public that day for fear of precipitating a run that afternoon on the banks in Tyler, and it was arranged between these two banks that the latter should furnish Bonner & Bonner with $1000 (which was furnished), to enable them to pay such local checks as might be presented at their counter during that afternoon; the latter bank also agreeing not to present any collections they might receive against Bonner & Bonner.

At the closing hour, Bonner & Bonner had on hand $1800 in cash and cash items, the proportion of which does not appear. The next day was Sunday and an assignment followed. It does not appear that the Corsicana Bank, by consent or by usage, authorized the forwarding of their draft direct to Bonner & Bonner, the drawees. These seem to be all the facts necessary, in our opinion, to a decision of the cause.

*Opinion.*—Appellee contends that the Dallas bank had all of the 14th in which to forward the draft for collection, and that because, if it had not forwarded it at the time it did, but had held it until next day, and then sent it to a third party for presentation, it would have arrived at Tyler too late to be collected, therefore, even if it were negligent in sending the draft direct to the drawee, appellee could not be held re-

sponsible. Admitting the correctness of the proposition that appellee would have exercised due diligence in delaying the mailing of the draft until the next day, we do not agree with the proposition that its liability for negligently forwarding the draft is to be governed by reference to what would have been the result, had it waited until the last minute of the time allowed for forwarding it. It seems the only proper and rational rule would be that when the paper is forwarded within the time allowed for doing so, its sending must be attended with ordinary care; and if it be negligently sent and thereby lost to the drawer, and it appear that, had it been sent in a proper manner, it would have been paid, the liability of the sending bank is determined.

The question which must decide this case, in our opinion, is whether or not, had the draft been sent through a third person at Tyler for presentation and collection, it would have been paid by Bonner & Bonner when presented.

The mailing of the draft to Bonner & Bonner, the drawees, to be by them remitted, was not the exercise of ordinary care. Anderson v. Rodgers, 27 Law. Rep., Ann., 248.

In order to exonerate appellee, it should be made to appear that if, instead of thus sending the draft, they had sent it properly through a third party, its fate would have been the same. If this appear with reasonable certainty, appellant cannot be adjudged to have been damaged by the act of appellee.

The bank in question, it appears, required one thousand dollars to insure its ability to meet local checks presented at its counter from and after about one o'clock, and obtained that amount from another bank for the purpose of paying local depositors. This fact, and the fact that the purpose of continuing the business through the day was to prevent a general run on banks at Tyler that afternoon, certainly warrant the conclusion that, had the draft in question been presented at any time after about one o'clock, it would not have been paid.

The draft mailed from Dallas on the 13th reached Tyler on the morning of the 14th. Here again it is contended by appellee that the bank or agency to whom the draft might have been sent would have had all that day, and the next day being Sunday, all of the Monday following to make the presentation, and consequently that the case must be viewed as if the presentation had been delayed until the last minute of this period, when it is evident there would have been no payment. It does not become necessary to discuss this question.

It is not shown at what time of the forenoon the draft would have reached an agent in Tyler, and we are clear that the agent receiving it would have had that day during business hours to present it.

Under these circumstances, it seems to us to resolve itself into a question of fact whether or not, had the draft been properly forwarded, it would have been presented before one o'clock of that day, and at a time when the bank had funds on hand to meet it.

We think that, if the question were left to a jury on the facts above

stated, they would have been warranted in inferring from those facts, viewed from the ordinary affairs and experience of men, that the draft would not have reached the bank by one o'clock, or in time for its probable payment.

This conclusion is necessarily involved in the conclusions found by the District Court, and we do not see proper to come to a different conclusion.

The judgment is affirmed.

*Affirmed.*