## JOHN SCHUMACHER ET AL. V. C. B. TRENT.

### Delivered January 20, 1898

#### 1. Banks—Liability of—Agency.

Where a note is deposited with one bank for transmission to some other bank for collection, the bank to which it is sent is the agent of the depositor.

#### 2. Same—First Bank Remains Liable, When.

Where a note is deposited, without instructions, with a bank for collection at another point, and it sends it to another bank at such point, the bank to which it is sent is the agent of the sending bank, and the latter is the agent of the depositor and liable for the default of the other bank.

#### 3. Custom and Usage.

In order for a custom to modify or change a rule of law, it must be general as to a particular trade, and so well established that any one dealing in that trade is presumed to know it.

APPEAL from the County Court of Fayette. Tried below before Hon. JOS. EHLINGER.

*Orgain & Harwood,* for appellants.

*Brown & Lane,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellee against appellants, who were partners, and doing a banking business in the town of Smithville, in Bastrop County, to recover of them the sum of $438.90 and interest thereon; said sum being the amount at its maturity of a certain promissory note which was executed for a valuable consideration by one J. F. Gaston to plaintiff, and which was due and payable on the 25th of October, 1896. The petition alleged that plaintiff delivered said note on the 2d day of October, 1896, for collection to defendants; that said note was indorsed in blank by plaintiff, and placed in the absolute control of the defendants, and that the same was afterwards transmitted by them to the First National Bank of Tyler, for collection; that said bank, on the 28th of October, 1896, collected the said note, the amount of the collection being the aforesaid sum of $438.90, and delivered the note to the maker, canceled and receipted; and that thereafter the said National Bank of Tyler remitted to the bank of defendants at Smithville the amount collected in a draft on a bank in St. Louis, Mo., which said bank refused to pay; and on or about the 1st of December, 1896, the First National Bank of Tyler failed in business, and never remitted the sum collected as aforesaid to the Bank of Smithville; and that plaintiff, after due demand made, has failed to receive any part of the money collected on said note. The petition further alleged, that he gave no instructions as to the manner in which the note should be collected, but placed the matter absolutely in the defendant's charge. The petition also charges negligence on part of defendants in

permitting the money to remain in the hands of the Tyler Bank from the time when it was collected, October 28, 1896, till the first of the following December.

To the suit defendants answered by general denial, and by three special pleas: 1. That the services rendered by defendants were by agreement of parties wholly gratituitous, and defendants are therefore only liable for gross negligence, and such negligence is not shown. 2. That plaintiff did not specifically instruct the defendants to send the note to the First National Bank of Tyler for collection, but the defendants, before receiving the note from plaintiff, informed him that they had no agent or correspondent at Tyler, the place of collection, that they could not undertake to personally attend to same, and would have to send it to some bank for collection; that the plaintiff agreed thereto, and thereby authorized the appointment of a subagent, such subagent becoming the plaintiff's and not defendants' agent. 3. That by the general custom and usage of banks in Texas at the time of the transaction involved, when a local bank received collections on foreign points where it had no agent or regular correspondent, without express agreement the same was at the risk of the depositor; and that the only service undertaken by the receiving bank was the use of ordinary care in the selection of a suitable bank to which to send the collection, the transmission of the paper, and the payment of the money when received; that in consideration of these services a very slight fee was received, to wit, about one-fourth of 1 per cent, and that the receiving bank in nowise guaranteed the collection or assumed any liability for the defaults of the collecting banks; that defendants had no agent in the city of Tyler, of which fact plaintiff was informed; and that such usage and custom being general, plaintiff had knowledge thereof; that the note in question was received by defendants for collection in pursuance of such custom, and that they exercised due care in the selection of the First National Bank of Tyler to make the collection, and to make the remittance thereof; that said bank had failed and was in the hands of a receiver, appointed by the United States Comptroller of the Currency; that defendants, for and on behalf of plaintiff, had made demand for payment of said receiver of the sum collected by said bank for and on account of plaintiff, and payment was refused; but said receiver issued to defendants a receiver's certificate for the sum of $441.75, same being numbered No. 45; which certificates defendants tendered to plaintiff.

Upon trial of the cause verdict and judgment were rendered for the plaintiff for the sum sued for, with interest on the same at 6 per cent per annum from the 1st of November, 1896. There was testimony given at the trial, on behalf of the defendants, which if credited by the jury would have authorized them in finding that the averments made by defendants in their second special plea were true. But the court did not submit in its charge such an issue to the jury, an omission of which the defendants have just cause of complaint. If, as alleged by the defendants, the note was received by them, not for collection, but for the

purpose of transmitting it to some bank for collection, and that it was upon this understanding the plaintiff delivered and indorsed the note to them, if they exercised ordinary care in selecting the bank to which the note was transmitted for collection they can not be held liable for the default of that bank, unless they were negligent in not procuring the transmission of the collection to them before the bank's failure. When a note is deposited with one bank for transmission to some other bank for collection, the bank to which it is sent is the agent of the depositor, and not the agent of the bank which transmits it to the collecting bank. But the court ignores this defense, and virtually told the jury that they must find for the plaintiff, unless they found from the evidence that he expressly instructed the defendants to send the note to the First National Bank of Tyler. For this error the judgment is reversed and the cause is remanded.

The appellants submit under their first and second assignments of error the following proposition: "When, in the absence of special agreement, a local bank receives paper to be collected on a distant point, where it has no agent or regular correspondent, and transmits the same to another bank at such point for collection and return of the proceeds; and such bank, having made the collection, becomes insolvent and fails to remit the collection, the first bank is not liable to the depositor, provided it has used reasonable care in the selection of the collecting bank, and due diligence in procuring the remission of the money.

This proposition involves a question about which, as admitted by counsel, there is great conflict of judicial opinion. We do not propose to discuss the question or review the decisions pro and con, but will only say, that both the weight of authority and the weight of the argument, in our opinion, are against the contention of appellant. When a note is deposited with a bank to be collected at a distant point, where it has no agent or regular correspondent, and it transmits the same to another bank at such point for collection and return of the proceeds, in the absence of any special agreement between the parties, or custom or usage of bankers, having the force and effect of law, which fixes upon the bank with which the deposit is made another measure of liability, such bank by implication of law becomes the agent of the depositor for the collection of the paper, and the bank to which the note is transmitted becomes the agent, not of the depositor, but of the bank with which he made the deposit; and such bank is responsible to the depositor for the default of the collecting bank. A custom to acquire the force of law, and thus modify the general law of agency, must be general as to the particular trade or business, and so well established that any one dealing in that trade is presumed to know it. Wooters v. Kauffman, 67 Texas, 494.

One of the chief offices of a custom is to illustrate the intentions of the contracting parties in reference to matters as to which the contract is not definite and explicit. Vide 44 Texas, 634; 66 Texas, 294. If, as asserted by appellee, he deposited the note in question with the appel-

lants for collection, with no instructions from him as to how or through whom the collection should be made, the appellant would seem to be liable for the money collected by the Tyler bank, unless the appellant can show that at the time of the deposit there existed in this State among bankers a custom or usage so uniform and general as must be presumed to have been known by all persons dealing with banks, and by which custom or usage, when a local bank receives paper for collection on a distant point, at which it has no agent or regular correspondent, and transmits the same to another bank at such point for collection and return, the bank to which the paper is transmitted becomes the agent of the depositor, and is not the agent of the bank with which the paper is deposited by the holder. In regard to the evidence offered by appellant to prove the custom pleaded by it, we are not prepared to say that it established such a custom as would rebut the implication of the law, that in receiving the note under the circumstances testified to by appellee, appellant assumed the collection of the note, and became responsible to the depositor for the default of the bank to which the paper was remitted.

*Reversed and remanded.*