[Civ. No. 166.    Second Appellate District.—February 19, 1907.]

## R. H. HERRON COMPANY, Appellant, v. C. E. MAWBY, Respondent.

CHECKS—PAYMENT—CONDITIONAL PAYMENT.—A check drawn *bona fide* on a bank having funds of the drawer is *prima facie* payment, if accepted as cash; but, in the absence of an agreement, the acceptance of it is merely conditional payment or satisfaction of the debt if and when paid.

ID.—PRESENTMENT—IMPLIED UNDERTAKING OF DILIGENCE—LOSS BY WANT OF DILIGENCE—ACTUAL PAYMENT.—The acceptance of such a check from the drawer implies an undertaking of due diligence in presenting it for payment; and if the drawer sustains loss by want

of such diligence the check will be held to operate as actual payment.

ID.—TIME FOR PRESENTMENT.—At common law the payee of a check, when drawn on a bank in the same place where it is given and received, has until the following day after its receipt to present it for payment as between himself and the drawer. When drawn on a bank in a different place, the payee has the same time and such additional time as will be required to transmit it to the place of payment by due course of mail.

ID.—AGENCY FOR PRESENTMENT—EFFECT OF MAILING CHECK TO DRAWEE BANK.—For the purpose of presenting and collecting the check the collecting bank must employ a suitable subagent. The mailing of a check to the drawee bank is not a proper presentment or demand for payment, in the absence of proof of usage or custom among banks to do so. The drawee cannot be deemed a suitable agent in contemplation of law to enforce in behalf of another a claim against itself, and such bank may hold it for any time without incurring the obligation of an acceptance.

ID.—CONSTRUCTION OF CIVIL CODE—LIMIT OF TIME—REASONABLE DILIGENCE IN PROPER PRESENTMENT.—Section 3213 of the Civil Code, which merely fixes a limit of ten days after which delay in presentment of a check will exonerate the drawer and indorsers thereof, unless the delay be for one of the reasons expressly provided by statute, still requires reasonable diligence in making the presentment, which must be made by a proper agent prepared to treat with the drawee bank at arm's-length.

ID.—LOSS OCCURRING AFTER DELAY OF TEN DAYS.—Where it appears that the loss occurred after a delay of ten days from the receipt of the check by plaintiff without lawful presentment thereof, the loss must fall upon the plaintiff, whatever view of the law may be taken.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Gill & Densmore, and Oscar A. Trippet, for Appellant. ·

Lawler, Allen & Van Dyke, and Collier & Carnahan, for Respondent.

TAGGART, J.—From a judgment dismissing its action on the merits and awarding defendant costs, the plaintiff appeals.

Plaintiff is a corporation doing business at the city of Los Angeles, and defendant resides near the town of Coachella, in Riverside county.

On the first day of October, 1904, defendant, being indebted to the plaintiff in the sum of $620.28, drew his check for that amount on The Coachella Valley Bank, presumably located at Coachella, dated October 1, 1904, and payable to the order of plaintiff, deposited it in the United States mail, addressed to plaintiff at Los Angeles, and the check was regularly received by plaintiff before 3 o'clock P. M., on the fourth day of October, 1904.

On the same day plaintiff placed said check in the National Bank of California at Los Angeles for collection, and the said bank thereupon, on the same day, mailed the check directly to the Coachella Valley Bank for payment. The Coachella Valley Bank did not acknowledge receipt of the check to either plaintiff or the National Bank of California and neither of the latter parties made any inquiry of the Coachella Bank why it had not acknowledged receipt of said check or whether or not said check had been paid; and the National Bank of California did not notify either plaintiff or defendant of the failure of the Coachella Valley Bank to acknowledge receipt of said check.

At the close of business hours on Saturday, October 15, 1904, the Coachella Valley Bank closed its doors and ceased to transact business and ever since said time has been without funds with which to meet the claims of its depositors. The check in question was not paid, but was received by said National Bank of California at Los Angeles, by United States mail on the eighteenth day of October, 1904, having been mailed to it at San Bernardino, October 17, 1904, by one Paul Bodenhamer. Defendant was not notified of the nonpayment of said check until the afternoon of October 18, 1904.

The trial court finds, that at all times between the first day of October, 1904, and the close of banking hours on the fifteenth day of October, 1904, defendant had on deposit in said Coachella Valley Bank a sum of money more than sufficient in amount to pay said check, and that said bank was open for the transaction of business, and receiving deposits and cashing checks, and that the persons owning and conducting the same had sufficient property and funds subject to exe-

cution and legal process to pay said check, at all times between said dates.

It also finds that there were two daily United States mails each way between the town of Coachella and the city of Los Angeles, and that at all times between the first and eighteenth days of October, 1904, Wells, Fargo & Co., a corporation doing a general express business, was engaged in the collection of checks, etc., at Coachella, and in direct correspondence with the office of said company at Los Angeles.

The conclusions of law of the trial court are, that the plaintiff and its agent, the National Bank of California, were negligent in sending the said check *directly* to said Coachella Valley Bank for payment; were negligent in not sooner knowing that said check had not been paid, and negligent in not notifying defendant of the failure to receive any response from the said check.

Whilst a check drawn *bona fide* on a banker having funds of the drawer is *prima facie* payment, if accepted as cash, still, in the absence of any express agreement, the acceptance of a check of either the debtor or a third party is in fact merely conditional payment—that is, satisfaction of the debt *if* and *when* paid; but the acceptance of such check implies an undertaking of due diligence in presenting it for payment, and if the party from whom it is received sustains loss by want of such diligence, it will be held to operate as actual payment. (*Comptoir D'Escompte* v. *Dresbach,* 78 Cal. 15, 20-22, [20 Pac. 28].)

At common law the payee of the check has until the following day after its receipt to present it for payment as between himself and the drawer, when drawn on a bank in the same town or city where the check is given and received. (*Ritchie* v. *Bradshaw,* 5 Cal. 228; *Himmelmann* v. *Hotaling,* 40 Cal. 115, [6 Am. Rep. 600].) When drawn on a bank in a different place, the payee has the same time, and in addition thereto, such time as will be required to transmit it to the place of payment by due course of mail. (*Manitoba* v. *Weiss,* 18 S. Dak. 459, [112 Am. St. Rep. 799, 101 N. W. 37].)

That the sending of a check by United States mail directly to the drawee bank does not constitute a proper presentment for payment, in the absence of proof of usage or custom among banks to do so, is established by the weight of authority. This is recognized by most of the American cases, and in those

in which the facts do not fall within the general rule the weight of authority is admitted and the case distinguished. This is true of most of the cases cited by appellant. For instance: The instrument was payable *at* the bank by its maker and not *by* the bank (*Indig* v. *City Bank,* 80 N. Y. 106); a usage was directly proven and relied upon, much stress being laid thereon in the opinion (*Kershaw* v. *Ladd,* 34 Or. 375, [56 Pac. 402, 44 L. R. A. 236]); positive instructions were given by the party for whom the collection was made to make presentment in this way (*First National Bank* v. *Citizens' Sav. Bank,* 125 Mich. 336, [82 N. W. 66, 48 L. R. A. 583]); or the facts showed that if sent through a third person it could not have reached the drawee bank before it failed (*First Nat. Bank* v. *City Bank,* 12 Tex. Civ. App. 318, [34 S. W. 458], etc.).

The law and its reasons are declared in the following language from Daniel on Negotiable Instruments (volume 1, section 328-a): "For the purposes of collection the collecting bank must employ a suitable subagent. It must not transmit its checks or bills directly to the bank or party by whom payment is to be made, with the request that remittance be made therefor. It is considered that no firm, bank, corporation, or individual can be deemed a suitable agent in contemplation of law, to enforce in behalf of another a claim against itself." (*Drovers' Nat. Bk.* v. *Anglo-American etc.,* 117 Ill. 100, [57 Am. Rep. 855, 7 N. E. 601]; *Anderson* v. *Rodgers,* 53 Kan. 542, [36 Pac. 1067]; *Minneapolis etc.* v. *Metropolitan Bank,* 76 Minn. 136, [77 Am. St. Rep. 609, 78 N. W. 980].)

The fact that a check is sent to the drawee bank through the mails does not amount to a demand for payment and the bank may hold it any length of time without incurring the liability of an acceptance. (Morse on Banks and Banking, 289.)

We do not agree with appellant that, because section 3213 of the Civil Code by the provisions of section 3255 becomes applicable to checks required to be transmitted to another place for presentment, therefore the common-law doctrine of presentation of such checks with reasonable diligence after the time taken in reaching the place of payment is no longer to be considered in this state. On the contrary, this section merely fixes a limit after which delay in presentment will exonerate the drawer and indorsers of such a check, unless the delay in presentment be for one of the reasons expressly provided by

statute. Under the provisions of section 3213 of the Civil
Code, reasonable diligence in making presentment must still
be exercised by the holder of such a check, and this must be
within the statutory limit of ten days, or he loses his right to
hold the drawer or indorsers of the check. The presentation
must be by some one capable of acting in the interest of the
drawer, of whom the collecting bank is the agent, for the pur-
pose of collection. The person making presentment should be
prepared to treat with the drawee bank at arm's-length.

"Had presentment been made by another agent of the
plaintiff and payment refused, steps might have been taken
immediately to protect the drawer's rights; but the check
(having been sent to it by mail) being in the hands of the
drawee, of course no effort would be made by it to prosecute
itself," says the Kansas supreme court in *Anderson* v.
*Rodgers,* 53 Kan. 542, [36 Pac. 1067].

In that case a check was received by the drawee bank, by
mail, on December 12th after business hours; the bank was
open for the transaction of business all day December 13th,
but failed to open December 14th. The court held the col-
lecting bank negligent in making presentment of the check.
That under the statute there was still time to make a proper
presentment, after the abortive one, will not avail the collect-
ing bank or excuse it from responsibility for its negligent act,
if the fund be lost to the drawer. (*First Nat. Bank* v. *City
Nat. Bank,* 12 Tex. Civ. App. 318, [34 S. W. 458].)

The findings in the case at bar show that the National Bank
of California, without instructions to that effect, or without
evidence of custom or usage to support its act, and notwith-
standing there was another and independent public agent for
the collection of drafts, checks, etc., in the town of Coachella,
sent the defendant's check to the Coachella Valley Bank to
collect from itself. It failed to make good. There was no
capable or proper agent selected to act in the interest of the
drawer between October 5th and the close of banking hours
of October 15th, and the fund in the Coachella Valley Bank
was lost.

If it were conceded that, under section 3213, the National
Bank, notwithstanding its negligent manner of making pre-
sentment, would be permitted to sit idly by, at defendant's
risk, for ten days after the check reached Coachella, still it
was the negligence of the plaintiff and the agent it selected

that caused the loss of the fund to the drawer. The check was in the hands of the subagent selected by the National Bank (the Coachella Valley Bank) on the morning of October 5th, and, it was not presented "within ten days" after it reached the place of payment, as it had not been presented up to the close of banking hours on October 15th. The conclusion that plaintiff and its agent were negligent is clearly supported by the findings, whichever view of the law is taken.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.