CENTRAL EXCH. NAT. BANK OF WACO v. FIRST NAT. BANK OF FT. WORTH. (No. 9080.)

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1919. Rehearing Denied May 31, 1919.)

1. Banks and Banking ⊕⟶156 — Collections.

When a bank undertakes to collect negotiable paper, intrusted to it for that purpose, the relation of principal and agent is thereby established; the bank becoming the agent for collection.

2. Banks and Banking ⊕⟶171(2)—Collections.

A bank, undertaking the collection of commercial paper sent it by another bank for collection, is liable for any loss resulting to the sending bank from the collecting bank's negligence in failing to make the collection.

3. Banks and Banking ⊕⟶175(5)—Collections.

Where a note which has been surrendered, by the bank to which it has been intrusted for collection, in exchange for a check, has, upon dishonor of the check, been recovered without its vitality or security having been in any way impaired, the bank is not liable to the owner of the note unless to the extent of any actual loss that may have been occasioned by its act.

4. Banks and Banking ⊕⟶175(3)—Negligence of Collecting Bank—Evidence.

Upon the issue of negligence of bank in accepting check of drawee of draft attached to bills of lading in payment of the draft, proof of custom of banks to accept checks of drawees in payment of drafts was admissible, and testimony that the bills of lading were forged was admissible to show they were worthless.

5. Trial ⊕⟶296(2)—Instructions—Cure of Error.

In action by a bank against another bank for negligence in collecting drafts, in accepting drawee's check for the draft, in which defendant admitted plaintiff's right to recover except in so far as its demand might be defeated by facts pleaded by defendant, any error in instructing that burden was on plaintiff to show negligence in failing to collect the drafts held harmless, in view of the other instructions given.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the Central Exchange National Bank of Waco against the First National Bank of Ft. Worth. From judgment for defendant, plaintiff appeals. Affirmed.

Spell, Boggess, Naman & Penland, of Waco, and Bryan, Stone & Wade, of Ft. Worth, for appellant.

A. H. Kirby and Theodore Mack, both of Ft. Worth, for appellee.

DUNKLIN, J. The Central Exchange National Bank of Waco sued the First National Bank of Ft. Worth to recover on a cashier's check issued by the defendant in favor of the plaintiff for $2,548.90, and, from a judgment in favor of the defendant, plaintiff has appealed.

The transactions leading up to the issuance of the cashier's check were as follows: A. B. Crouch Grain Company of Temple drew two drafts, each for the sum of $1,260, on the Clement Grain Company of Waco, in favor of the Farmers' State Bank of Temple. To each of the drafts was attached a bill of lading for a carload of bulk wheat consigned for delivery at Galveston to the order of A. B. Crouch Grain Company. The drafts were sent to the plaintiff bank at Waco for collection, and the Clement Grain Company gave to that bank its check for the aggregate amount of the two drafts. It then drew other drafts in favor of plaintiff bank on the

Crouch Grain Company at Ft. Worth with the bills of lading attached, and the plaintiff bank forwarded them to the defendant bank for collection after giving credit on its books to the Clement Grain Company for the aggregate amount of the two drafts.

The defendant bank received from the Crouch Grain Company a check in payment of the two drafts drawn by it on the Texas State Bank of Ft. Worth and mailed to plaintiff its cashier's check in favor of the plaintiff bank, which is the check sued on. Said check was issued for the same amount as the check given to the defendant by the Crouch Grain Company and was issued upon the faith of supposed validity of the latter check. But payment of the latter check was refused by the Texas State Bank of Ft. Worth when it was presented by the defendant bank. Thereupon the defendant bank notified the plaintiff bank to return the cashier's check sued on for the reason that the check given by the Crouch Grain Company had been dishonored. The plaintiff bank denied to the defendant the right to revoke the cashier's check and refused to return it, and, upon the refusal of the defendant to pay it when presented, plaintiff instituted this suit.

The proof showed that both bills of lading attached to the drafts were forgeries, and the defendant alleged such forgeries in its answer. It also alleged that the check received from the Crouch Grain Company was worthless, and that the issuance of its cashier's check was without consideration; that it received the draft from the plaintiff bank and undertook the collection of the same for accommodation only, and received nothing of value therefor; that it exercised due diligence to collect the drafts drawn upon the Crouch Grain Company; that the check given by that company upon the Texas State Bank would not have been paid even though it had been presented for payment sooner than it was presented; and that, as said check and also bills of lading for the wheat were all worthless, plaintiff had parted with nothing of value by reason of the transaction in question.

In reply to the defendant's answer, plaintiff alleged that it was an innocent purchaser for value of the drafts drawn by the Clement Grain Company upon the Crouch Grain Company, which was sent to the defendant for collection; that the defendant was guilty of negligence in accepting the check of the Crouch Grain Company in payment therefor, and also guilty of negligence in not immediately presenting it for payment or having the same certified by telephone; that, had the defendant used due negligence in presenting said check for payment, it would have been paid; that, even though the defendant did exercise proper diligence to collect the check which it received from the Crouch Grain Company on the Texas State Bank, yet, having treated said check as cash, and having issued its own check in payment of the drafts, it could not escape liability therefor.

The case was tried before a jury, who were instructed to return a verdict in favor of the plaintiff if they should find that the defendant failed to exercise that degree of care that a very cautious and prudent person would have exercised to collect the check given to it by the Crouch Grain Company in payment for the drafts sent to the defendant bank. The jury were further instructed to return a verdict in favor of the defendant if it did exercise such diligence to collect the check. They were also further instructed to return a verdict in favor of the defendant if they should find that the defendant failed to exercise ordinary diligence to collect said check, but should further find that the same would not have been paid by the Texas State Bank, even though it had been presented for payment immediately after the defendant received it.

The following proposition presented in appellant's brief under its first two assignments of error is a statement of the principal and controlling contention involved in several assignments of error:

"Where a bank accepts a check on another bank in payment of a draft in its hands for collection, and surrenders the draft, it makes the check its own, and liability is the same as if cash had been received, irrespective of negligence in the collection of the check; and especially is this true where the circumstances of the case show that the collecting bank by its acts treated the check as its own."

The following authorities are cited in support of that contention: Natl. Bank of Commerce v. American Exchange Bank, 151 Mo. 320, 52 S. W. 265, 74 Am. St. Rep. 527; Fifth Natl. Bank v. Ashworth, 123 Pa. 212, 16 Atl. 596, 2 L. R. A. 491; Whitney v. Esson, 99 Mass. 308, 96 Am. Dec. 762; Bank of Antigo v. Union Trust Co., 149 Ill. 343, 36 N. E. 1029, 23 L. R. A. 611; Morris v. Eufaula Natl. Bank, 106 Ala. 383, 18 South. 11; Brown v. People's Bank, 52 L. R. A. (N. S.) 653 note; 3 R. C. L. par. 245, p. 616.

In the case first cited, the opinion quotes with approval the following from 1 Morse, Banks (3d Ed.) par. 252:

"If the bank takes the check of the party who is bound to pay the paper, and thereupon surrenders the paper to him, it assumes the responsibility for the check proving good. If it is not paid, the bank is still obliged to pay the amount to the person from whom it received the paper."

According to the testimony introduced by the defendant, it received the drafts for collection after banking hours on the afternoon of March 13th, which was Monday. As soon as they were so received, the defendant sent its collector to the office of the Crouch Grain Company with the drafts, at

which time the Crouch Grain Company delivered its check on the Texas State Bank in payment of the drafts and received therefor from the collector the drafts and the bills of lading. On the following morning, Tuesday, the check so received from the Crouch Grain Company passed through the clearing house, and when it reached the Texas State Bank on that day, and through that channel, payment thereof was refused, and it was returned to the defendant bank about noon of that day. But before its return defendant had already mailed its cashier's check sued on to the plaintiff bank. The defendant immediately wrote to the plaintiff bank recalling its checks, stating that it did so because the Crouch Grain Company's check given for the drafts and bills of lading had been dishonored. As soon as the defendant Bank was notified that the Texas State Bank had refused payment of the check drawn by the Crouch Grain Company, it procured from that company the return of the drafts and bills of lading and returned them to plaintiff; but plaintiff declined to accept them, and again sent them to the defendant bank with notice that plaintiff would insist on payment of defendant's cashier's check.

On Wednesday morning, March 15th, the Crouch Grain Company's check was again presented to the Texas State Bank for payment, and was again dishonored. The evidence was ample to support a finding by the jury that the defendant exercised due diligence to collect the drafts it received from the plaintiff, and that its failure to collect the same was not due to any negligence on its part. The Crouch Grain Company was insolvent, and the bills of lading were worthless because they were forgeries. While the proof showed that, at the close of banking hours on March 13th, the books of the Texas State Bank of Ft. Worth showed a balance to the credit of the Crouch Grain Company of $9,597.99, and at the close of banking hours on March 14th, which was noon of that day, $686.93, yet B. B. Samuels, who was cashier of that bank, testified positively that if the check which defendant received from the Crouch Grain Company, drawn upon that bank, had been presented to the Texas State Bank at any time on March 14th or just before the closing of the bank on the preceding day, it would not have been paid. His testimony to that effect was uncontroverted by any witness. The reasons given by him for saying that payment of the check would have been refused was that other drafts, with bills of lading drawn by the Crouch Grain Company, had been deposited with that bank on different dates prior to March 13th, and for which the Crouch Grain Company had received credit on the books of the bank, had been returned unpaid; that he had heard that some of those bills of lading were forged and that he had heard for several days prior to March 13th that the Crouch Grain Company was "getting in a bad shape"; that they had handled forged bills of lading, and the witness had begun to get suspicious of their financial standing.

[1] It is well settled that when a bank undertakes to collect negotiable paper, intrusted to it for that purpose, the relation of principal and agent is thereby established; the bank becoming the agent for collection. 2 Michie on Banks and Banking, p. 1374; Merchants' National Bank v. Dorchester, 136 S. W. 551; Schumacher v. Trent, 18 Tex. Civ. App. 17, 44 S. W. 460.

[2, 3] It is also well settled that a bank undertaking such a collection is liable for any loss resulting to the principal from its negligence in failing to make the collection. In 2 Michie on Banks and Banking, p. 1480, the following is said:

"Where a note which has been surrendered in exchange for a check has, upon the dishonor of the check, been recovered without its vitality or security having been in any way impaired, there would seem to be no reason why the bank should be liable at all to the owner of the note, unless to the extent of any actual loss that might have been occasioned by its act."

We think that announcement is unquestionably sound. In ordinary transactions a principal could not recover damages for the alleged negligence of his agent unless he can show that he has suffered loss thereby, and the measure of his damages would be the amount of his loss, whatever it may be. We see no reason why a different rule would apply if the collecting agent happens to be a bank instead of an individual. We think that the following authorities support the reasoning of the text quoted above from Michie on Banks and Banking: First Natl. Bank v. City National Bank, 12 Tex. Civ. App. 318, 34 S. W. 458 (writ of error refused by our Supreme Court, 93 Tex. 705, 34 S. W. 458); People's Natl. Bank v. Brogden, 98 Tex. 360, 83 S. W. 1098; Western Brass Mfg. Co. v. Maverick, 4 Tex. Civ. App. 535, 23 S. W. 728; Buckholtz State Bank v. Graf, 200 S. W. 858; Interstate Natl. Bank v. Ringo, 72 Kan. 116, 83 Pac. 119, 3 L. R. A. (N. S.) 1179, 115 Am. St. Rep. 176; 7 Corpus Juris, 623; Van Winkle Gin Co. v. State Natl. Bank, 89 Tex. 147, 33 S. W. 862; Union Natl. Bank v. Menefee, 63 Tex. Civ. App. 599, 134 S. W. 822.

Accordingly, all assignments of error predicated upon appellant's contention, noted above, are overruled.

[4] The proof introduced by the defendant to show that it was the custom of banks to accept checks of drawees in payment of drafts was admissible upon the issue of defendant's negligence in accepting the check of the Crouch Grain Company, and the testimony introduced to show that the bills of

lading were forgeries clearly was admissible to show that they were worthless.

[5] Before the introduction of the evidence, the defendant in open court admitted plaintiff's right to recover, except in so far as its demand might be defeated by the facts pleaded by the defendant, and upon such admission claimed the right to open and close in the introduction of testimony and in the argument of the case, which was granted by the court upon such admission. Under such circumstances, it was, perhaps, error for the court to instruct the jury, as was done, that the burden was upon the plaintiff to show by a preponderance of the evidence that defendant was guilty of negligence in failing to collect the drafts which it received from the plaintiff. However, the court further instructed the jury that the burden was upon the defendant to sustain by a preponderance of the evidence its allegation that the Texas State Bank would not have paid the Crouch Grain Company's check upon it, even though such check had been presented immediately upon its receipt by the defendant. In other words, the burden was placed upon the defendant to prove that the check which was received in payment for the drafts was worthless, and, as the proof established that fact beyond controversy, the error, if any, in the instruction on the burden of proof upon the other issue mentioned, was harmless.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.

⊙⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes