[Civ. No. 7616.   Third Dist.   Sept. 28, 1949.]

PETER MENDIONDO, Appellant, v. CHARLES E. GREITMAN, as Administrator, etc., Respondent.

Manwell & Manwell for Appellant.

L. C. Anderson for Respondent.

PEEK, J.—Plaintiff commenced this action against the administrator of the estate of George Dewey Greitman, deceased, to specifically enforce an alleged agreement to sell certain real property owned by the decedent. The cause was tried by the court sitting without a jury. Findings favorable to the defendant were adopted and judgment was entered accordingly. Plaintiff's appeal is from the judgment so entered as well as from the order denying his motion for a new trial.

The trial court found that the decedent executed and delivered to plaintiff the following written instrument:

"January 20, 1947

"This is to acknowledge that I have received a check from Peter Mendiondo in the sum of Five Thousand ($5000.00) Dollars which represents the purchase of that certain 240 acres of real property in Placer County located in Sections 24 and 25 of Township 13, Range 5 East owned by myself. The said Five Thousand Dollar check is not to be cashed, however, until title insurance has been furnished to me showing the property to be clear of all liens and encumbrances except current taxes, and a good and sufficient deed conveying the same to me.

"It is understood that I am to pay the cost of title insurance and one-half of the legal costs of Manwell and Manwell in connection therewith.

/s/  George Dewey Greitman"

The remaining portions of the findings pertinent to the issues raised and which compel an affirmance of the judgment are that at the time said instrument was executed plaintiff delivered his check for $5,000 to decedent but that such check was not given in payment of the purchase price; that upon decedent's death the check was discovered among his personal effects and was delivered to the defendant administrator of his estate who refused to accept the same, returning it to the plaintiff prior to the inception of this action, and that the sum of $5,000 mentioned in the foregoing writing was not a just, fair and adequate consideration for the land therein described, and that the fair market value of said land at the time the foregoing writing was executed was not less than $9,000.

Appellant has raised two contentions (1) that since the agreement between the parties was duly executed by the delivery and acceptance of the check the adequacy of the consideration for the sale was not a material issue, and (2) that even if it was the trial court should not have considered inflationary values.

Under the provisions of section 3391 of the Civil Code inadequacy of consideration is a distinct ground for refusing specific performance (*Newman* v. *Freitas,* 129 Cal. 283 [61 P. 907, 50 L.R.A. 548]; *Haddock* v. *Knapp,* 171 Cal. 59 [151 P. 1140]) hence it is the rule that in an action to enforce specific performance of an executory agreement for the sale of land the burden is cast upon plaintiff to affirmatively allege and prove adequacy of consideration. (*O'Hara* v. *Wattson,* 172 Cal. 525, 535 [157 P. 608].)

In support of his first contention that the adequacy of the consideration was not a material issue, appellant invokes the further rule that the acceptance of the agreed consideration is a waiver of any claim of inadequacy. (*Peters* v. *Binnard,* 219 Cal. 141 [25 P.2d 834].)

Appellant's contention in this regard must fail in view of the finding that the check was not delivered by appellant to decedent "in payment of the purchase price of the property." Such finding is substantially supported by the record which shows nothing more than that the check was delivered by appellant to decedent. The mere giving of a check does not constitute payment (*Weger* v. *Rocha,* 138 Cal.App. 109 [32 P.2d 417]; *Drukker* v. *Howe & Haun Investment Co.,* 136 Cal.App. 437 [29 P.2d 289]) nor does the mere acceptance thereof raise a presumption that such acceptance constitutes payment. (*Towey* v. *Esser,* 133 Cal.App. 669 [24 P.2d 853].) And since a check of itself is not payment until cashed the party attempting to prove payment by mere delivery or acceptance must go further and in addition prove that such delivery and acceptance was in accordance with an agreement that it was to be accepted as payment. (*Weger* v. *Rocha, supra.*)

The record likewise fails to sustain appellant's remaining contention that the trial court considered inflationary values in determining the inadequacy of the consideration. The testimony of respondent's witnesses in regard to the value of the land related to such value as of the date of execution of the writing by deceased. One witness estimated such value

to. be $9,600, another placed it at $12,000, and the rest of the witnesses fixed the value between these two amounts. Obviously, therefore, the finding as to the adequacy of consideration is amply sustained. (*Mayers* v. *Alexander,* 73 Cal.App. 2d 752 [167 P.2d 818].) We find nothing whatever in the record to indicate that such estimates were based on what appellant terms "inflationary values."

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.