[Civ. No. 18148.   Second Dist., Div. One.   Sept. 24, 1951.]

## L. B. WILLIAMS ORGANIZATION, INC. (a Corporation), Appellant, v. CARL W. WINTER, Respondent.

E. T. McGann for Appellant.

William A. Wittman and Charles S. Buck for Respondent.

HANSON, J. pro tem.—In this case the only question, which it is necessary for us to decide, is whether parol evidence is admissible to show that a fully executed contract

for the sale of realty was to be delivered by the broker to the buyer, *only on condition,* that the buyer should agree to a specific amendment of one of the vital terms of the contract.

The defendant below, who is the respondent on this appeal, owned a motel which he desired to sell on certain terms, among others, a cash down payment somewhat less, but not more than 29 per cent of the purchase price, in order that he might avoid the higher income tax brackets. The plaintiff below, appellant here, in its capacity as a real estate broker found a buyer who was willing to meet the seller's terms, except as to the initial cash payment. The broker, in the hope that the seller would accept the buyer's proposal, prepared a contract of purchase and sale, which was signed by the buyer and likewise by the real estate broker in behalf of the seller, subject however to the latter's written approval. When the broker tendered this document to the seller the latter, according to his testimony, demurred to its terms, and at the trial was permitted to testify, he declined to sign it until he was assured by the broker that the latter would procure the consent of the buyer to an amendment of the cash terms of the contract to accord with his demands. This assurance, according to the testimony of the seller, having been given by the broker, respondent not only appended his signature of approval to the contract, but undertook, in a separate paragraph reciting his approval, to pay the broker a real estate commission of $5,000. Apparently the prospective buyer met the seller the very next day and advised him not only that he would not amend the contract to accord with the seller's desires, but, what is more, expressed his concern as to being able to carry out the contract as it was written. As a consequence the seller and the buyer mutually agreed they would not proceed to a purchase and sale of the property and thereupon the broker, after due demand on the seller, instituted the instant action below to recover its commission.

The trial court admitted the testimony of the seller on the theory that it tended to prove a conditional delivery by him of the contract. In so ruling, the trial court inadvertently failed to differentiate between a fully executed contract which was to take effect by its own terms upon the fulfillment of an entirely extraneous condition to any of its terms and one where the condition named was of a character contrary to the terms expressed in the contract. ■ While the rule is well established that parol evidence is admissible to show that a contract fully executed and delivered is not to be

effective, unless and until some condition, extraneous to the terms of the contract, has been complied with, such, for instance, as where it is not to be effective unless additional persons sign it or some future specified event transpires, the rule is equally well established that the parol condition may not be shown if it is contrary to the terms of the written executed contract. (*Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561 [177 P.2d 4, 172 A.L.R. 1107]; *Travers-Newton Chautauqua System* v. *Naab*, 196 Iowa 1313 [196 N.W. 36, 32 A.L.R. 780]; *United Engineering & Contracting Co.* v. *Broadnax*, 136 F. 351; *Liberty Trust Co.* v. *Price*, 259 Mass. 596 [156 N.E. 749]; Rest., Contracts, § 241; 3 Williston on Contracts, rev. ed., § 634, notes 9 and 11.) █ In the case before us the parol evidence was offered merely to show that the contract was not to be effective unless a material change in one of its terms was agreed to by the buyer. This could not be shown in the absence of fraud which the court specifically found had not been shown. █ Accordingly, as the defendant had agreed in his separate written contract of approval, appended to the executed written contract, to pay appellant, out of a deposit to be made by the buyer, a commission of $5,000 for making the sale according to the terms of the written executed contract, the seller became liable to the broker when he agreed to a mutual cancellation of that contract. In failing to so rule, and in holding that the evidence was admissible and that it alone disclosed a contract ineffective because conditionally delivered, the trial court erred.

The judgment is reversed. The appeal from the order denying the motion for new trial is dismissed.

White, P. J., and Drapeau, J., concurred.