[Civ. No. 20110. Second Dist., Div. Two. Sept. 29, 1954.]

HOWARD L. BEAZELL, Respondent, v. CHARLES H. KANE, Appellant.

Harold Shire and Nathan M. Dicker for Appellant.

James J. McCarthy for Respondent.

MOORE, P. J.—Appeal from a judgment for $2,500 based upon defendant's agreement to pay "$4,500 to broker named herein, or one-half of buyer's deposit, if buyer shall be in default, but not to exceed the full amount of his commission."

The purchasers (Mr. and Mrs. Gelber) had signed the agreement on September 21, 1951, and presented a check for $5,000 to respondent "to apply on purchase price of $100,000 for 14 unit Apartments." The Gelbers were ready, willing and able to buy at the time; appellant accepted them as buyers, and in writing agreed "to sell . . . on above terms and to pay a commission of $4500.00 to broker named herein, or one-half of buyer's deposit, if buyer shall default, but not to exceed the full amount of his commission." The court found also that "the said buyers did deposit with the defendant Charles H. Kane . . . a check in the sum of $5,000.00, as a down payment on said purchase price . . . that said defendant accepted the check for $5,000.00 as a down payment. . . ."

At the trial, respondent contended that he should receive the total agreed commission by reason of the fact that pursuant to his employment he procured the Gelbers to sign the agreement of purchase, and appellant accepted them as purchasers and agreed to sell the property to them on the terms specified. However, inasmuch as respondent took no appeal, our consideration will be confined to the question of whether he is entitled to recover one half of the $5,000 deposited by the buyers. Although payment of the check was stopped, it is evidence of Gelbers' liability to pay the sum.

█ It is the general rule that when a broker is duly employed to effect the sale of realty, he is entitled to the agreed compensation after he has procured a buyer ready, willing and able to buy on the terms prescribed in the contract of employment within the time limit. (*Phelps* v. *Prusch*, 83 Cal. 626, 628 [23 P. 1111].) █ The broker has earned his commission when he has performed such services as constitute the proximate and efficient cause of the sale. (*Deveraux* v. *Sirkus*, 105 Cal.App.2d 340, 345 [233 P.2d 644]; *Grove* v. *Lewis*, 125 Cal.App. 357, 358 [13 P.2d 847]; *Clark* v. *Dulien Steel Products*, 54 Cal.App.2d 92, 96 [128 P.2d 608]; *Lipton* v. *Johansen*, 105 Cal.App.2d 363, 370 [233 P.2d 648]; *L. B. Williams Organization, Inc.* v. *Winter*, 106 Cal.App.2d 604, 606 [235 P.2d 407].) No requisite covenant is absent from the contract. It is binding on all parties. Not only were the buyers ready, willing and able to make the purchase, but appellant, the seller, positively agreed to pay respondent broker "one-half of the buyer's deposit, if buyer shall default." The general rule is, therefore, applicable, the commission was earned, and the judgment is justified.

█ Appellant contends there is no proof that the Gelbers were ready, willing and able to purchase the property on the prescribed terms. He is in no position to urge such contention. Having accepted the buyers procured by his broker, he is estopped to deny their ability or willingness to complete the contract, in the absence of the exercise of fraud or other oppression to prevent him from satisfying himself in relation to the matter. (*Edwards* v. *Billow*, 31 Cal.2d 350, 360 [188 P.2d 748]; *Spalding* v. *Bennett*, 93 Cal.App. 577, 583 [269 P. 948].)

Appellant contends that where there has been a default by the purchaser, the compensation is limited to the agreed share of the purchaser's deposit. The judgment herein having ordered recovery of only one half of the buyer's deposit, such

contention is meaningless. It would be pertinent if respondent had appealed and demanded the agreed commission of $4,500.

It is contended also that the delivery of the $5,000 check to the broker did not constitute payment of a deposit. Such is contrary to the evidence. Mr. Gelber testified that he signed and initialed the check "for deposit on the Kane property" and he "wanted the check used for that purpose." █ While, ordinarily, deposit of a check is not payment (*Mendiondo* v. *Greitman*, 93 Cal.App.2d 765, 767 [209 P.2d 817]), an agreement to accept a check as payment obviates the rule. (*R. H. Herron Co.* v. *Mawby*, 5 Cal.App. 39, 42 [89 P. 872]; *Jenne* v. *Burger*, 120 Cal. 444, 447 [52 P. 706], see *Mendiondo* v. *Greitman, supra,* p. 767.) Mr. Gelber's wish to have the check used as down payment, and appellant's acceptance of it as such payment, even though in respondent's actual possession takes it out of the general rule. Since he held it as appellant's agent, it technically was in appellant's hands. There is no claim that the check was valueless.

█ The broker's commission is not dependent upon whether payment is stopped on the buyer's deposit check. If the commission is earned at the moment the buyer and seller have executed an enforceable agreement to convey the property, failure of performance by either party can have no effect either upon right of the other to enforce performance or upon the right of the broker to his commission from the party who promised to pay it. Of course, conditions can be inserted by the parties that, if not performed, would defeat either the consummation of the sale or the payment of brokerage. But no such clause is found in the contract at bar. It is a clear agreement of sale and a distinct promise of appellant to pay respondent a commission. No language of the agreement requires the check to be cashed as a condition precedent to the effectiveness of the contract.

The sale having been made by an enforceable agreement, respondent is entitled to his commission.

Judgment affirmed.

McComb, J., and Fox, J., concurred.