[Civ. No. 10137.   Third Dist.   Apr. 11, 1962.]

ROY D. WILLIAMS, Plaintiff and Appellant, v. LEE
GAITHER et al., Defendants and Respondents.

Robert E. Laughlin for Plaintiff and Appellant.

Stromsness & Hultgren and C. A. Stromsness for Defendants and Respondents.

PEEK, P. J.—Plaintiff appeals from an adverse judgment entered pursuant to a verdict of the jury in an action to

recover a broker's commission, and from the order denying his motion for a summary judgment.

By his complaint, plaintiff alleged that by a contract in writing (standard form authorization to sell) he was employed as a real estate broker by defendants to procure a purchaser for real property owned by them; that by the terms of said agreement, defendants agreed to pay him a commission; that within the period of time set forth, he procured purchasers who were ready, willing, and able to purchase the property; that the offer of the purchasers was accepted in writing by defendants, and that plaintiff performed all of the conditions imposed upon him under the contract, but that defendants refused to pay.

The answer of defendants admitted the execution of the authorization to sell and that nothing had been paid by them to plaintiff, and denied generally the remaining allegations of the complaint. However, at the outset of the trial, defendants stipulated that they duly executed the deposit receipt. Additionally, defendants' answer alleged that the authorization to sell had been canceled by "mutual agreement of the parties."

From the pretrial conference order and from discussions which occurred in chambers between court and counsel prior to the trial, plaintiff's position appears to have been that since he had performed everything incumbent upon him, the sole question was one of law.

The position taken by defendants, and which was shared by the trial court, was that since the authorization to sell described defendants' property by lot, block, and tract numbers, and since the deposit receipt contained the phrase, "The description (Legal) of the property and boundary lines are subject to acceptance by the buyers," the sellers could not perform without the buyers' acceptance; that buyers were not satisfied with the description of the property contained in the deed deposited in escrow by sellers; and that therefore, there was neither an enforceable contract nor a completed sale and hence, no commission was owing to plaintiff. We find no merit in these contentions.

The land in question bordered the Sacramento River and by accretion additional land had been added to defendants' property which was to be included in the deed. Mr. Woodill, one of the buyers, doubted the sufficiency of the lot and block description to include the accreted land, and for that reason proposed the phrase in question. The record discloses no doubt

in the minds of any of the parties as to the meaning or intent of the phrase.

It also should be noted that the record contains no evidence of any intention to include additional documents, such as escrow instructions, as a part of the agreement. Neither does the record disclose any valid evidence that either party intended that the deposit receipt should supersede the broker's contract, or that plaintiff's commission would be contingent upon the consummation of a sale. It is true that defendant Lee Gaither testified that plaintiff was only to be paid if and when the sale was concluded, but his testimony in this regard was improperly admitted over plaintiff's objection.

It was not until the buyers had waited for several months for the defendants to submit a title in accordance with the deposit receipt that they demanded a return of the money which they had placed in escrow. The only evidence offered by defendants to establish their attempt to comply with the provisions was the testimony that they had the property surveyed both before and after their acceptance of the buyers' offer. Nowhere in this testimony, or elsewhere in the record, was there any evidence that defendants had made any attempt to submit to the buyers a title in accordance with their agreement. In fact, the record reveals that the deed which was deposited by defendants in escrow contained substantially the same lot and block description as that set forth in the authorization to sell and which was the sole reason for inclusion of the phrase in question in the deposit receipt by the buyer.

Under the uncontradicted facts, since the defendants accepted the offer made by persons procured by plaintiff who were ready, willing and able to purchase the property, plaintiff had then performed all acts incumbent upon him and he was entitled to the agreed commission. (*Beazell* v. *Kane*, 127 Cal.App.2d 593 [274 P.2d 224].) █ Furthermore, the record discloses that the only reason for the action taken by the purchasers was the failure of defendants to comply with the terms of their agreement with them. Under such ". . . circumstances, the defendants will not be allowed to take advantage of their own remissness to defeat plaintiff's recovery." (*Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 881 [306 P.2d 783].) Or, as stated in *Coulter* v. *Howard*, 203 Cal. 17, 26 [262 P. 751]. " 'Whether the sale was prevented by the failure of perfect title or by the mere will of the vendor makes no difference. In either case the compensation had been earned·

by the agent.' '' (See also *Woodbridge Realty* v. *Plymouth Dev. Corp.*, 130 Cal.App.2d 270 [278 P.2d 713].)

In view of our conclusion, it becomes unnecessary to discuss the other contentions made by plaintiff on appeal, other than to note that because of the uncontradicted evidence, plaintiff's request for a directed verdict should have been granted.

The judgment is reversed and the case is remanded to the trial court with instructions to enter judgment in favor of plaintiff.

Schottky, J., and Pierce, J., concurred.

A petition for a rehearing was denied May 1, 1962.